[No. 6,697.—Department No. 2.]

## THE PEOPLE EX REL. TRACY *v.* BRITE.

55  79
85  511
55  79
100  541

OFFICE—VACANCY-- SUPERVISOR.—Under § 996 Political Code, an office becomes vacant, *ipso facto*, upon the incumbent ceasing to be an inhabitant of the district (if the office be local) for which he was elected, or within which the duties of the office are required to be discharged; and a successor may be appointed without a previous adjudication that the office is vacant. So *held*, in an action for usurpation of office brought by the People, upon the relation of one who had been duly appointed and qualified as Supervisor of a certain district, against a subsequent appointee of the County Judge to the same office.

ID. — EVIDENCE — ERROR.—*Held further*, in the same action, that it was error to admit in evidence a petition of numerous persons for the appointment of the defendant, wherein it was stated that the relator had ceased to be an inhabitant of the State, and the judgment reversed on that account.'

APPEAL from a judgment for the defendant, in the Sixteenth District Court, County of Kern. REED, J.

The facts are stated in the opinion.

*Jo. Hamilton* (Attorney-General), *V. A. Gregg, Geo. E. Otis,* and *S. L. Cutter,* for Appellant.

There is no allegation that the office of Supervisor for the district was ever declared vacant. The office could not be declared vacant without a hearing. (Const. art. 1, § 8; *People* v. *Wells,* 2 Cal. 204; Broom's Leg. Max. 113.)

*J. W. Freeman, and R. E. Arick,* for Respondent.

MYRICK, J:

This is a proceeding to test the right of relator to the office of Supervisor of the Third District, Kern County. The relator was elected November 7th, 1876, and duly qualified and entered upon the duties of the office November 20th, 1876. Respondent claimed the office under appointment by the County Judge, of September 24th, 1877. The appointment by the County Judge was based upon the fact that Tracy had " ceased to be an inhabitant of the said district, and his office had thereby become vacant." No judicial proceedings had been had to declare a vacancy. The question then is, whether proceedings

must first be had to declare a vacancy, or whether an appointment can be made if the fact of vacancy exist.

Section 996, Political Code : " An office becomes vacant on the happening of either of the following events before the expiration of the term :   *   *

" 5.  Upon the incumbent ceasing to be an inhabitant of the district, (if the office is local) for which he was chosen, or within which the duties of the office are required to be discharged."

There are instances named in the section, where proceedings must be had to ascertain the alleged fact, before an appointment of a successor can be made ; but the case in hand is not one of them.  When the relator ceased to be an inhabitant of the Third District, he ceased to be Supervisor for that District, and a vacancy occurred.

The issue of vacancy or not can be, and is to be, determined in this case.  The relator has his day in Court in this action upon that issue, and we see no necessity of a previous adjudication.  The Legislature was competent so to enact, and, as we have stated, has so enacted.

The relator objected to the regularity of proceedings in the appointment of the respondent ; but, in our opinion, the objection is not tenable.  However, upon the trial, the respondent offered in evidence a paper purporting to be signed by various parties, requesting the County Judge to appoint the respondent to the office vacated, which paper recited that " said Tracy has ceased to be an inhabitant of said district," etc.  This paper was admitted in evidence, notwithstanding the objection of the relator.  This was error.  The appointing power was with the County Judge, and the petition was entirely irrelevant for any purpose.  The petition was not necessary to call the appointing power into action.  The recital in the petition that Tracy had ceased to be an inhabitant of the district was not, on the trial, evidence of the fact, and we cannot say how far the jury was influenced in the verdict by the recital.  Substantially the same recital appears in the order of appointment, but that paper was admissible.  If any part was inadmissible, the relator should have objected to that, or the Court would, on request, have instructed the jury that the recital in the order, that the

relator had ceased to be an inhabitant of the district, was not evidence.

Judgment reversed, and cause remanded.

THORNTON, J., and SHARPSTEIN, J., concurred.

| 55 | 81 |
| 95 | 46 |

| 55 | 81 |
| a104 | 154 |

| 55 | 81 |
| 136 | 243 |

| 55 | 81 |
| 139 | 46 |