73  193<br>109  273

[No. 11934.   Department One. — August 16, 1887.]

C. R. BALL, RESPONDENT, v. J. H. NICHOLS ET AL.
J. H. NICHOLS, APPELLANT.

APPEAL BY SINGLE DEFENDANT — ERROR AFFECTING DEFENDANTS NOT APPEALING. — On an appeal by one of several defendants against whom judgment is rendered, defects in the complaint which only affect the rights of the defendants not appealing will not be considered.

ADVERSE POSSESSION — PLEADING — PAYMENT OF TAXES. — In pleading a title acquired by adverse possession, the claimant need not allege that the taxes on the land have been paid, as required by section 325 of the Code of Civil Procedure as amended in 1878. The fact that the taxes have been paid, if essential, is a matter of evidence only, and not of pleading.

APPEAL from a judgment of the Superior Court of Nevada County.

The action was brought to procure the reformation of a deed executed to the defendant Nichols by the grantor of the plaintiff, on the ground that the description contained therein, by a mutual mistake of the parties, included other land than that intended to be conveyed.

Subsequent to the execution of the deed, the defendant Nichols mortgaged the land to one Genasci, as the guardian of certain minors. Genasci was made a defendant in the action, and was designated in the caption of the complaint " as guardian." The body of the complaint contained no allegation showing his representative character, or the names of his wards. The further facts are stated in the opinion.

*A. Burrows*, for Appellant.

*Charles W. Kitts*, for Respondent.

FOOTE, C.—This is an action to reform a deed for misdescription of land conveyed by it, and to quiet title. It was tried upon the issues raised by an amended complaint of the plaintiff, the answer of the defendants, and a cross-complaint by one J. H. Nichols, and the answer of the plaintiff thereto; the amendments to which latter pleading have been omitted from the transcript, but supplied upon suggestion of a diminution of the record. Judgment was rendered for the plaintiff, and from it Nichols alone of the defendants appeals. A point made by his counsel is, that the complaint is insufficient, and shows no cause of action, and for such alleged defect that the judgment should be reversed. The appellant cannot be heard to complain as to any defect in the complaint so far as affects his co-defendants, as they do not appeal. The title to the land in question, and the right to have the deed reformed, were properly brought in issue by the complaint of plaintiff, the cross-complaint of Nichols, the answer of the plaintiff, and the amendments thereto, and there are findings on all the issues raised by those pleadings. The wards of Genasci are not bound by the decree in the case, as they are not mentioned in it, yet that omission affects them only, and the appellant cannot be heard in their behalf. He and the plaintiff obtained their title from a common source,

and if, at the time when he obtained his subsequent deed to the land, he had full notice of its prior sale to the plaintiff, and of the fact that the latter's deed was in-tended to have the land in dispute included in it, but that it was omitted by a mistake of the parties as to its proper description, then he has nothing to do with the question as to whether the Genasci mortgage covered the plaintiff's land. All the concern he can have in the matter is, that it affects that land which he has an interest in; and even if there was no finding upon the allegation of the existence of the mortgage, it was immaterial, so far as Nichols was concerned; but there is a finding which shows that the mortgage was invalid as to the plaintiff's land, as the mortgagee was charged with notice of the plaintiff's claim to the premises in dispute, and therefore when he took it, knew that his mortgage could not legally give him any claim thereon.

It is urged that the statement in the complaint of the plaintiff's claim of title by adverse possession is not sufficient, because it is not alleged that the taxes have been paid, as required by section 325, Code of Civil Procedure, as amended in 1878. But the fact that such taxes had been paid, if essential to the plaintiff's claim through adverse possession, was only a matter of evidence, and was not a necessary thing to have been pleaded. The language used in the case of *Webb* v. *Clark*, 65 Cal. 56, cited to us by the appellant's counsel in support of his view of this matter, does not conflict with what we have just said. Neither do we think that any of the findings are outside of the issues raised by the pleadings.

Upon the whole record, we perceive no prejudicial error, and the judgment should be affirmed.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.