Wheeler v. Wheeler.

---

## Elizabeth Wheeler et al.
### v.
## Elizabeth Wheeler, Executrix.

*Administration—Probate of Will—Bill to Set Aside.*

1.   This court declines to interfere with a decree dismissing a bill filed to set aside the probate of a will fifteen years after the same occurred.

2.   The word "absent" with reference to a person in a statute other than of limitation, must be taken to mean one who has been present, not a non-resident.

[Opinion filed December 24, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding.

Mr. MASON B. LOOMIS, for appellants.

Mr. M. J. DUNNE, for appellee.

GARY, P. J. This was a bill in chancery, filed under Sec.

7, Ch. 148, R. S., by non-residents of this State, to set aside the probate of a will, and the only question is whether they have eternity to do it in. The statute provides that such a bill may be filed within three years after probate, and that persons " absent from the State " have the like period after the removal of their disabilities. Generally in statutes of limitation similar language has been held to include non-residents, as well as residents temporarily absent; but this statute is not a limitation law. It creates a remedy not before existing, and the lapse of time need not be pleaded to make it a bar. Luther v. Luther, 122 Ill. 558. The word "absent" conveys the idea of a temporary condition, a cessation of, and probability or possibility of returning, presence. Very little authority should be required to prevent a strained construction that might lead to serious consequences from too long delay in settling estates (Ibid. 566); but that little is found in Snoddy v. Cage, 5 Texas, 106, and Buchanan v. Rucker, 9 East. 192, holding that "absent" must be taken only to apply to persons who had been present. And see Hyman v. Bayne, 83 Ill. 256.

The bill in this case was filed more than fifteen years after the probate. The demurrer to it was properly sustained, and the decree dismissing the bill is affirmed.

*Decree affirmed.*