[No. 13832. In Bank.— May 7, 1891.]

A. McDONALD, Respondent, *v.* JONATHAN TAYLOR, Defendant, and J. B. WELSH, Appellant.

Swamp and Overflowed Lands — Fitness for Cultivation — Rights of Actual Settlers — Constitutional Law.— Swamp and overflowed lands granted to the state by the act of Congress of September 28, 1850, which are ready for occupation, and which by ordinary farming processes are fit for agricultural purposes, are within the meaning of section 7, article 17, of the constitution, and can be sold only to actual settlers, and in quantities not exceeding 320 acres.

Id. — Evidence of Actual Settlement.— Evidence tending to prove that an applicant for the purchase of swamp-land determined to settle on the

land at the time he examined the boundaries thereof, and then intended
to proceed immediately to build a cabin, and to complete it within a
reasonable time, and that he commenced to build the cabin as soon as he
could get the lumber, and actually completed it within a week after his
application, is sufficient to justify a finding that he settled on the land
at the time of his application for its purchase.

APPEAL — REVIEW OF FINDINGS — ERROR AGAINST PARTY NOT APPEALING.—
The fact that a finding is insufficient as against one of the defeated par-
ties to an action who has not appealed from the judgment, and between
whom and the appellant there is no privity, cannot avail the appellant.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order denying a new trial.

The facts are stated in the opinion.

*Freeman & Bates*, for Appellant.

*Charles G. Lamberson*, and *Lamberson & Taylor*, for Respondent.

VANCLIEF, C.— This is a contest between the plaintiff and the defendants, Taylor and Welsh, for the right to purchase swamp-land, referred by the surveyor-general of the state to the superior court of Tulare County for trial. The judgment was in favor of the plaintiff. The defendant Welsh moved for a new trial, and his motion being denied, he, alone, appeals from the judgment, and from the order denying his motion for a new trial.

The land in contest was segregated as "swamp and overflowed land" by authority of the United States in October, 1884.

The court found that the plaintiff settled upon the land, and in due form applied to purchase the same on the ninth day of December, 1887, and that the land then was, and ever since has been, suitable for cultivation.

The court also found that the appellant, on said ninth day of December, 1887, filed his application to purchase the land, but that he never was a settler on the land.

1. The principal point made by counsel for appel-

lant is, that section 3 of article 17 of the constitution has no proper application to "swamp and overflowed lands," because that class of lands must be considered as unsuitable for cultivation. On this point the very able argument of the learned counsel for appellant is a copy of their argument on the same point in the case of *Fulton* v. *Brannan*, 88 Cal. 454, lately decided by this court. As it did not prevail in that case, it is unnecessary specially to reconsider it in this.

2. It is contended that the evidence does not sustain the finding that plaintiff was an actual settler on the land on the ninth day of December, 1887.

The plaintiff testified that he had lived upon the land continuously ever since he built his cabin upon it, "which was about four or five days after making my application. I first saw the land in December, 1887. I went down from Hanford with a party of four; Mr. Diss, one of the party, showed me the corner-stakes. The stakes he showed me were the southwest corner, the southeast corner, and the half-mile stakes. I returned to Tulare the same afternoon, and swore to the application. I went back to the land in four or five days (about December 16, 1887, I think), and built a cabin."

H. H. Freeman testified: "I was with plaintiff when he went to look at the land. I helped him build his cabin. We built the cabin four or five days after he applied for the land. As soon as we could get the lumber there we built the cabin."

There was no other evidence than the above as to the date of plaintiff's settlement on the land. There was no pretense that appellant ever settled on the land, and therefore no contest as to priority of settlement. If the land was suitable for cultivation, the appellant was not entitled to purchase it, even though plaintiff had not applied for it. (*Dillon* v. *Saloude*, 68 Cal. 268.) The evidence tended to prove that plaintiff determined to settle on the land at the time he examined the boun-

daries thereof (December 9, 1887), and then intended to proceed immediately to build his cabin, and to complete the same within a reasonable time, and that he commenced to build the cabin as soon as he could get lumber on the land for that purpose, and actually completed it within a week after his application. This, I think, is sufficient to justify the finding as to plaintiff's settlement. (*Gavitt* v. *Mohr*, 68 Cal. 507.)

3. Appellant's counsel make the further point that the finding that the land was "suitable for cultivation at the time of the trial of this action, and at all times since plaintiff filed thereon," is not sufficient as against the defendant Taylor, whose application to purchase was filed in April, 1884, and against whom judgment was rendered, for the reasons that his application was "made and filed before the land was subject to application or sale, and that said land is and *was* suitable for cultivation." If this is not a sufficient finding that the land "*was* suitable for cultivation" at the time Taylor made his application, yet it is a sufficient answer to the point made, that there was no privity between the appellant and the defendant Taylor, and that the latter has not appealed from the judgment against him.

I think the judgment and order should be affirmed.

Foote, C., and Belcher, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.