[No. 19377.   In Bank.—December 26, 1893.]

# THE PEOPLE ex rel. T. J. FLEMING, RESPONDENT, v. J. De BARTH SHORB et al. APPELLANTS.

OFFICE AND OFFICER—VACANCY—ABSENCE FROM STATE—APPOINTING POWER.—Under Section 996 of the Political Code, which provides that an office becomes vacant upon the happening of certain specified events before the expiration of the term, one of which is the absence of the officer from the state for a period of more than sixty days, without permission of the legislature, the absence of an officer for such a period effects a vacancy *ipso facto,* which the appointing power has the right to fill upon satisfactory evidence of the absence, without the institution of legal proceedings, though the incumbent is not thereby concluded as to the fact of the occurrence of such event.

ID.—QUO WARRANTO—OUSTER OF DEPUTIES OF ABSENT TREASURER—ABSENCE FROM SICKNESS.—In an action in the nature of a *quo warranto* information against a county treasurer and his deputies on the relation of one claiming the office of treasurer by virtue of an appointment, where the complaint alleged that the treasurer had been absent from the state for a period of over sixty days without the consent of the legislature or the board of supervisors, by reason of which the office became vacant, whereupon the relator was appointed as county treasurer, and that the former treasurer was still absent from the state, and the answer of his deputies admitted his absence, alleging that it was caused through sickness, a judgment in favor of the relator as against the deputies is proper.

ID.—CAUSE OF ABSENCE IMMATERIAL.—The fact that the absence of the treasurer from the state was necessary to his health and that its continuance beyond the sixty day limit was inevitable by reason of his sickness, is immaterial, as absence from the state without the consent of the legislature or board of supervisors for over sixty days absolutely effects a vacancy in the office regardless of the cause.

ID.—QUALIFICATION OF RELATOR—APPROVAL OF BOND—DEMURRER.—The question whether the official bond of the relator has been properly approved cannot be raised by general demurrer of the deputies of the former treasurer to an information in the nature of a *quo warranto,* alleging the absence of their principal from the state for more than sixty days. The judgment ousting the deputies does not depend upon the relator's right to the office.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion.

*Smith & Winder,* for Appellants.

*Attorney-General W. H. H. Hart, District Attorney H. C. Dillon,* and *McLachlan & York,* for Respondent.

Vanclief, C. — The defendant Shorb was elected treasurer of the county of Los Angeles in November, 1892, and, having duly qualified, commenced to discharge the duties of that office January 2, 1893. The other defendants are his appointed and duly qualified deputies, who were acting as such before and at the time of the commencement of this action.

The action is of the nature of a *quo warranto* information, and is prosecuted by the attorney-general on the relation of T. J. Fleming, who claims the office of treasurer by virtue of an appointment thereto by the board of supervisors of Los Angeles county.

The plaintiff alleges, in substance, that on July 14, 1893, Shorb left this state, and has ever since remained, and now (September 25) is absent from this state without the consent of the legislature and without the consent of the board of supervisors of said county for a longer period than sixty days from July 14, 1893; that by reason of such absence from the state the office of treasurer of said county became vacant on September 13, 1893; that on September 15, 1893, the board of supervisors of said county appointed the relator, T. J. Fleming, to fill the vacancy; that after having duly qualified, Fleming on September 25, 1893, demanded of the defendants, who were then conducting the business of the office as deputies of Shorb, the records of the office, together with all moneys of the county deposited in the office and then in their custody; but that said deputies refused to comply with such demand.

The prayer of the complaint is for judgment that none of the defendants is entitled to the office of deputy treasurer, nor to the custody of the records or moneys appertaining to that office; and that the relator Fleming is entitled to the office of treasurer, and that he be put in possession thereof, and of all records and moneys belonging thereto.

The defendant Shorb was not served with process and did not appear, and as to him the action was dismissed.

The other defendants filed a general demurrer to the

complaint and answered at the same time; and plaintiff filed a general demurrer to the answer.

The demurrer to the complaint was overruled, and the demurrer to the answer was sustained. The answer not being amended, judgment was rendered in favor of plaintiff against the defendants other than Shorb, according to the prayer of the complaint.

The defendants, except Shorb, have appealed from the judgment upon the judgment-roll without any bill of exceptions.

The answer admits all the facts alleged in the complaint; but, as affirmative new matter of defense, alleges, in substance, that Shorb has been unwillingly but necessarily absent from the state on account of his serious and dangerous illness—" severe nervous prostration"— for proper treatment of which, he was advised by his physicians, it was necessary that he should go to the city of Philadelphia; that pursuant to such advice he left this state and has not sufficiently recovered his health to enable him to return without danger of fatal consequences; but that defendants have such information of his convalescence as warrants their expectation and belief that he will soon return to this state.

1. It is contended for appellants that the absence of Shorb from tLe state for any period would not, *ipso facto*, effect a vacancy of his office; that the vacating of an office by absence of the incumbent from the state is a statutory penalty of the nature of a forfeiture, which can be enforced only through legal proceedings in which the incumbent must have his day in court.

I think, however, this position cannot be sustained, as it seems to depend upon a misconstruction of sections 996 and 4120 of the Political Code, which are as follows:

"SEC. 996. An office becomes vacant on the happening of either of the following events before the expiration of the term: 1. The death of the incumbent. 2. His insanity found upon a commission of lunacy issued to determine the fact. 3. His resignation. 4.

His removal from office. 5. His ceasing to be an inhabitant of the state, or, if the office be local, of the district, county, city or township for which he was chosen or appointed, or within which the duties of his office are required to be discharged. 6. His absence from the state without permission of the legislature beyond the period allowed by law. 7. His ceasing to discharge the duties of his office for the period of three consecutive months, except when prevented by sickness, or when absent from the state by permission of the legislature. 8. His conviction of a felony, or of any offense involving a violation of his official duties. 9. His refusal or neglect to file his official oath or bond within the time prescribed. 10. The decision of a competent tribunal declaring void his election or appointment."

"Sec. 4120. A county officer shall in no case absent himself from the state for a period of more than sixty days, and for no period without the consent of the board of supervisors of his county."

The ten events mentioned in section 996 are merely conditions, upon the occurrence of any one of which the legislature has declared the office shall become vacant, not as a penalty or forfeiture, but simply as the legal effect of the happening of any one of the events mentioned. It is true that the occurrence of some of these events is conclusively established against the incumbent of the office by the finding or judgment of a competent tribunal, namely, his insanity, his removal from office, his conviction of a felony, and the invalidity of his election. But in all these cases he has his day in court; and section 997 of the Political Code requires that "the body, judge, or officer before whom the proceedings were had must give notice thereof to the officer empowered to fill the vacancy." But no official notice to the appointing power of the happening of any of the other events mentioned in section 996 is required; and, therefore, upon any kind of satisfactory evidence of the occurrence of any one of them, the appointing officer or board may make an appointment, though the incumbent of

the office is not thereby concluded as to the fact of the occurrence of such event. He may still question and contest the allegation of that fact, either before or after the installation of the appointee, before such installation, if he refuse to vacate the office, in an action by the people to oust him; or, after such installation, in an action by the people on his relation to oust the appointee. Thus he may always have his day in court before it can be conclusively adjudged against him that the office was vacant at the time the appointment was made.

The absence of Shorb from the state as alleged and admitted, *ipso facto*, effected a vacancy of the office of treasurer, and consequently a vacancy of the office of each of his deputies, the appellants, who have had their day in court, and have admitted all the facts essential to plaintiff's cause of action against them. Of course, Shorb is not concluded by their admissions, since they do not represent him in this action and he is not a party to it.

I think the foregoing construction, 996 of the Political Code, warranted by the decision of Department Two of this court in case of the *People* v. *Brite*, 55 Cal. 79.

2. The complaint shows that the official bond of the relator was approved by only four of the six judges of Los Angeles county, the other two judges having been absent from the county at the time; and for this reason it is claimed that the general demurrer to the complaint should have been sustained.

By section 69 of the County Government Act the bond is required to be approved " by the judge or judges, if there be more than one, of the superior court."

The judgment ousting the defendants does not rest upon the relator's right to the office (Code Civ. Proc., secs. 803 et seq.), and therefore they were not interested in the question as to whether his bond had been properly approved, and their general demurrer did not raise that question. The complaint being good as against them their demurrer was properly overruled. (*Flynn* v. *Abbott*, 16 Cal. 359.) It is therefore unnecessary to

decide whether or not the approval of relator's bond was sufficient.

3. What is said under the first head sufficiently answers appellant's contention that the absence of Shorb from the state was necessary to his health, and that its continuance beyond the period limited by law was inevitable by reason of his sickness.

The legislature has made no exception to or qualification of the rule that the continuous absence of a county officer from the state for a period exceeding sixty days, without consent of the legislature or board of supervisors, shall absolutely effect a vacancy of his office which may be filled by appointment; and courts have no power to interpolate any exception or qualification. The object and effect of the rule are to protect the interest of the public, and it is not perceived that it works the least injustice to an incumbent of an office. In effect it is only a contingent limitation of the term of an office, subject to which the office is voluntarily taken and generally eagerly sought.

I think the judgment should be affirmed.

HAYNES, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.

GAROUTTE, J., PATERSON, J., HARRISON, J., McFARLAND, J., DE HAVEN, J., BEATTY, C. J.