[Sac. No. 578. Department Two.—December 8, 1899.]

## MARY ELLA SMITH et al., Appellants, v. PATRICK HAWKINS, Respondent.

WATER RIGHTS—APPEAL FROM JUDGMENT—SUBORDINATE RIGHTS—APPELLANTS NOT INJURED.—Upon appeal by plaintiffs from a judgment which establishes their prior right, by appropriation only, to one hundred and eighty inches of water measured under a six-inch pressure, and establishes the subordinate rights of the defendant as an appropriator to one hundred inches of water, and as a riparian proprietor to the flow of the remainder of the stream, the appellants are not concerned in the question as to how the

rights of the defendant shall be measured, and as to whether there is a want of certainty on that question in the judgment and findings, and cannot be injured or entitled to a reversal of the judgment for want of such certainty.

APPEAL from a judgment of the Superior Court of Nevada County. Stanley A. Smith, Judge, presiding.

The facts are stated in the opinion.

P. F. Simonds, and A. Burrows, for Appellants.

C. W. Kitts, for Respondent.

CHIPMAN, C.—Action to quiet title to certain water and ditch rights. Plaintiffs had judgment, from which they appeal on the judgment-roll alone. There is no brief by respondent on file. Appellants complain that there is a want of certainty in both the judgment and findings "in not fixing by any known method of measuring the amount of water defendant is entitled to take from Wolf creek." (Citing *Riverside Water Co. v. Sargent,* 112 Cal. 230.) And also because the judgment "ignores the rule that the right of defendant is limited to the one hundred inches of water which it is found the defendant has appropriated to a useful purpose." (Citing *Senior v. Anderson,* 115 Cal. 497.)

The answer alleged "that defendant is the owner of lot 25, through which the creek runs, and of all dams, ditches, and water rights thereon"; and "that he is the owner and has a prior right to so much of the water as will supply his ditch with a capacity of five hundred inches, measured under a six-inch pressure."

The findings and judgment award to plaintiffs a prior right to one hundred and eighty inches, and to defendant one hundred inches, measured under a six-inch pressure, "subject to such prior right of plaintiffs; . . . . that defendant is the owner as riparian proprietor, subject to the prior right of plaintiffs aforesaid, to all the water of said Wolf creek." Plaintiffs*express themselves as satisfied with the findings and judgment to this point. But they complain: 1. Of the conclusion of law "that defendant is entitled, as appropriator and riparian proprietor, to have the balance (i. e., the water remaining after plaintiffs

receive their one hundred and eighty inches) of the waters of said creek flow onto and over lot 25, described in the manner herein"; and 2. To the judgment "that the defendant is the owner as riparian proprietor, subject to the prior right of plaintiffs aforesaid to all the waters of said Wolf creek." We are asked to strike this latter clause from the judgment.

It is manifest that defendant gets no rights whatever except subordinate to plaintiffs' rights. He can take no water at all, either as an appropriator or riparian proprietor until after plaintiffs have received the one hundred and eighty inches awarded them. When plaintiffs have had their portion we cannot see that it concerns them by what method defendant measures to himself the one hundred inches awarded to him as an appropriator. Plaintiffs make no claim as riparian proprietors, and we cannot see that they are injured by the findings or judgment as to defendant's riparian rights. Defendant alleged enough in his answer to raise an issue as to his riparian rights, and we must presume that the evidence justified the findings on this appeal. The court had, just previously to the clause last above quoted, adjudged that defendant, "aside from his riparian rights, is the owner of the right to the use of one hundred inches of the waters of said creek, and no more, measured under a six-inch pressure, miner's measure, to the extent of the use of the same from May 1st to October 1st of each year; . . . . subordinate to the said rights of said plaintiffs."

Reading this latter provision in connection with the clause which plaintiffs ask to have stricken out, the judgment gives defendant one hundred inches as an appropriator and the remaining water as a riparian proprietor, but both rights are subject to plaintiffs' prior right to one hundred and eighty inches at all times. We may fail to clearly understand plaintiffs' point, but, so far as we are able to discover, they cannot possibly be injured by the judgment.

The judgment should be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.        Henshaw, J., Temple, J., McFarland, J.