[No. 4083.]

SCHOOL DISTRICT NO 15 OF PHILLIPS COUNTY v. FLANIGAN.

28  431|
31   74

1. APPELLATE PRACTICE—PARTIES—ERRORS WITHOUT INJURY.

In a mandamus proceeding against several parties where the cause is brought to the supreme court for review by only one of the respondents that one cannot take advantage of an error which does him no injury however erroneous the proceedings may have been with respect to his co-respondents.

2. PRACTICE—PLEADING—INSUFFICIENCY OF PLEADING.

The objection that the pleadings do not state a cause of action may be raised at any time, but where no such objection was raised in the trial court previous to the trial on the merits, it is not regarded with favor when raised in the supreme court and will not prevail unless the pleading thus attacked is so radically defective that it will not support the judgment rendered.

3. MANDAMUS—PARTIES—PLEADING – SCHOOL DISTRICTS—RIGHT TO OFFICE OF SCHOOL DIRECTOR.

In an action of mandamus against a school district and certain individuals alleged to constitute the board of directors for the district an alternative writ which alleged petitioner's election as a school director and the refusal of the board to issue him a certificate of election or to recognize him as a member of the board or admit him to the enjoyment of the office and prayed that respondents be compelled to issue petitioner a certificate of election and admit him to the rights and privileges of the office and that they be restrained from holding an election for the purpose of electing a director to fill the office to which petitioner had been elected, stated no cause of action against the school district since the district was not responsible for the action of its board of directors, and the school district could not properly be made a party to such controversy.

Vol. 28– 22

4. Same.

In an action of mandamus against a school district and the individual members of the board of directors to compel respondents to admit petitioner to the office of director to which he claimed to have been elected the school district had no interest in the contest and was not injured by the judgment in petitioner's favor, and where the school district alone brought the case to the supreme court for review it cannot take advantage of any errors which the trial court may have committed in rendering judgment against its co-respondents.

*Error to the County Court of Phillips County.*

Mr. J. S. Bennett and Mr. William T. Rogers for plaintiff in error.

Mr. W. D. Kelsey for defendant in error.

Mr. Justice Gabbert delivered the opinion of the court.

This is a proceeding in mandamus originally instituted by defendant in error, as petitioner in the court below, to compel the plaintiff in error and certain individuals alleged to constitute the board of directors of school district No. 15, as respondents, to issue him a certificate of election to the office of school director for such school district, to admit him to the rights and privileges of such office, and to restrain the respondents from holding an election for the purpose of electing a director ostensibly to fill the office to which he claimed to have been elected. On the issues made by the pleadings, the findings were in his favor, and judgment rendered accordingly. From this judgment the school district brings the case here for review on error.

The record proper is all that is before us. We can only look to the pleadings to determine the rights of the parties. They are exceedingly informal and imperfect. On behalf of plaintiff in error, the cause is presented upon the theory that the court below had no jurisdiction of this proceeding; that it erred in

submitting the case to a jury without distinctly stating in the order for that purpose the question to be tried and determined, and that in this proceeding title to the office of school director is involved, which cannot be tested and tried on mandamus. All these propositions may be correct, but they are wholly immaterial unless the rights of plaintiff in error have been in some way injuriously affected by the errors complained of. It is the only one of the respondents which has brought the case here for review. The others are not complaining of the judgment rendered. Therefore, the school district cannot take advantage of any error which does it no injury, no matter how erroneous the proceedings may have been with respect to its co-respondents. *Teller v. Hartman,* 16 Colo., 447; *Ball v. Nichols,* 73 Cal., 195.

The point is made by counsel for the district that the pleadings of petitioner do not state a cause of action. It is only necessary to consider this one question for the purpose of determining whether or not the judgment of the court below is erroneous, so far as the school district is concerned. No effort appears to have been made in the trial court on behalf of the district to test the sufficiency of the alternative writ previous to trial on the merits. Notwithstanding this omission, that question can be raised on review. In such circumstances, however, it is not regarded with favor, and will not prevail unless the pleading thus attacked is so radically defective that it will not support the judgment rendered. *In re Estate of Thomas,* 26 Colo., 110; *Insurance Co. v. Bonner,* 24 Colo., 220.

The claim of petitioner, as stated in the alternative writ, is, that at the regular school election of school district No. 15, held in May, 1899, for the purpose of electing a school director, he received a majority of the votes cast, but notwithstanding this fact, the members of the school board who were parties below, refused to issue him a certificate of election, recognize him as a member of the board, or admit him to the enjoyment of the office, and in furtherance of their claim that there was a vacancy in the office

to which petitioner claimed to have been elected, called another election for the purpose of selecting some one to fill such vacancy. The only material matter necessary to notice in the return to the writ is to the effect that for some reason, undisclosed by the pleadings, the respondents insisted that the election at which petitioner claimed to have been elected was a nullity. All the facts stated in the alternative writ may be true, and yet no cause was stated against the school district. It is not responsible for the action of its board in refusing to recognize petitioner as a member thereof, or their refusal to issue him a certificate of election, or the refusal of one of their number to surrender his office to him, or their action in calling an election to fill a vacancy which they claimed to exist in the board. All such conduct upon their part, however wrongful as against the rights of petitioner, are acts for which the guilty parties would alone be responsible to the person injuriously affected thereby. In other words—the person injured by such action could only call the individuals to account therefor, and not the district. It is not required to perform, or refrain from any of the acts upon which petitioner bases his right to the relief demanded. It is plain, therefore, that no cause of action was stated as against the plaintiff in error.

The remaining question is, does the judgment rendered against the co-respondents of plaintiff in error injuriously affect its interest? The contest below was over the right of petitioner as against one of the individual respondents to occuppy the office of director of the school district. With this contention the district is not concerned. Such a controversy is limited to those contesting for the place. It is a purely personal matter between such individuals. To a proceeding to determine such a controversy the district is not, and cannot be made, a party; so that, although the judgment of the court below as to the merits of the controversy between petitioner and the individual respondents may have been erroneous for one or more of the reasons assigned by counsel for plaintiff in error, or the pleadings of petitioner

may not state a cause of action against these respondents, the judgment rendered against them is not one in which plaintiff in error has any interest whatever, neither has it any interest in the subjects to which such judgment relates. For these reasons it is clear that any errors which the trial court may have committed in rendering judgment against its co-respondents do not affect its rights, and it cannot take advantage of such errors.

The judgment of the county court, in so far as it granted relief or rendered judgment against the district in favor of petitioner, is reversed, and the cause remanded with directions to dismiss the proceeding as to such district, with its costs.

*Reversed and Remanded.*