[Civ. No. 107.   Third Appellate District.—October 27, 1905.]

## THE PEOPLE ex rel. W. B. HARDACRE, Respondent, v. SAMUEL REA and L. E. ALLING, Appellants, and D. M. TOWN, Defendant.

JUSTICES OF THE PEACE—INVALID ELECTION—CHANGE OF PREVIOUS OF-
FICES TO SINGLE OFFICE—QUO WARRANTO.—Where by amendment
of the County Government Act but one justice of the peace was to
be elected in a certain township in which formerly two were lawfully
elected, an election of two justices of the peace after such amend-
ment was adopted was invalid, and neither of them is entitled to
hold the office; but both will be ousted therefrom upon *quo warranto.*

ID.—HOLDING OVER—FINDINGS—APPEAL BY OUSTED DEFENDANTS—ER-
ROR NOT REVIEWABLE.—Where the court found that one of two pre-
viously elected justices of the peace had died, that his office was not
filled by election or appointment, and that the other incumbent
who was also made defendant in *quo warranto* was entitled to hold
over upon appeal by the ousted defendants, without any appeal by
the relator, no error relating to the judgment in favor of the other
defendant is reviewable.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order denying a new trial. Frank H. Smith, Judge.

The facts are stated, and referred to, in the opinion of the court.

Ashley & Neumiller, for Appellants.

U. S. Webb, and C. W. Norton, for Respondents.

Nicol & Orr, for Defendant, D. M. Town.

McLAUGHLIN, J.—This is an action to oust defendants from the office of justice of the peace of O'Neal township, in San Joaquin county. The court rendered judgment ousting defendants Rea and Alling, and declaring that defendant Town was entitled to the office. From such judgment and an order denying their motion for a new trial, defendants Rea and Alling prosecute this appeal.

The court found that defendant Town and one Harelson were duly qualified justices of the peace for said township for the term ending January 5, 1903, that said Harelson died December 10, 1901, and that no successor was thereafter elected or appointed to fill the position thus made vacant. As conclusion of law it was found that defendant Town was entitled to hold over under section 879 of the Political Code. Aside from the office involved, this finding and conclusion constitute the only difference between this case and the case of *People ex rel. Hardacre* v. *Davidson and Peters, ante,* p. 100, [83 Pac. 161]. On the authority of that case it must here be held that neither of the appellants is entitled to hold said office.

The only question remaining is whether this court is bound to consider or determine the right of defendant Town to hold said office upon this appeal. The appellants do not assail the sufficiency of the evidence to support the finding, nor do they specify any errors in the admission of such evidence. The only assault made on the conclusion of law and judgment is that involved in the affirmative assertion of their right to hold such office. In fact, counsel for appellants, in their brief, admit that, if neither of their clients be held elected to such office, it can make no difference to

either of them whether defendant Town is or is not entitled to hold the office. The relator has not appealed, and we do not see that the appellants are interested in the question. So far as they are concerned, the object of the action "is to determine their right to hold the office which they are charged with usurping." Whether the defendant Town is entitled to the office, or whether in the controversy between the relator and said defendant the court committed any error, is a matter which does not concern the appellants, and upon which they are not entitled to be heard.

Under the authorities we do not think it is either the privilege or duty of this court to consider errors relating to that portion of the judgment in favor of defendant Town. (Code Civ. Proc., sec. 475; *People* v. *Abbott,* 16 Cal. 366; *People* v. *Campbell,* 138 Cal. 17, [70 Pac. 918]; *People* v. *Flemming,* 100 Cal. 541, [38 Am. St. Rep. 310, 35 Pac. 163]; *People* v. *Superior Court,* 114 Cal. 478, [46 Pac. 383]; *March* v. *Barnet,* 114 Cal. 375, [46 Pac. 152]; *Coyle* v. *Lamb,* 123 Cal. 264, [55 Pac. 901]; *McCreery* v. *Everding,* 44 Cal. 285; *McDonald* v. *Taylor,* 89 Cal. 45, [26 Pac. 595]; *Tripp* v. *Duane,* 74 Cal. 91, [15 Pac. 439]; *Ball* v. *Nichols,* 73 Cal. 195, [14 Pac. 831]; *Western Lumber Co.* v. *Phillips,* 94 Cal. 56, [29 Pac. 328]; *Dougherty* v. *Henarie,* 47 Cal. 9; *Smith* v. *Hawkins,* 127 Cal. 121, [59 Pac. 295].) While all claimants and intruders may be made parties to an action of this character, still, on appeal, the judgment will be considered several as to each, and errors not prejudicing appellants cannot be considered. (Code Civ. Proc., sec. 808.) It must be admitted that the result is somewhat anomalous, when considered in the light of the decisions in the cases of *People* v. *Davidson et al. (Nos. 104 and 108), ante,* pp. 96, 100, [83 Pac. 159, 161], but rules of appellate practice so well established cannot be abrogated by this court.

For the foregoing reasons, the judgment and order appealed from are affirmed.

Chipman, P. J., and Buckles, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 25, 1905, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 26, 1905.