No. 14,369.

HARRIS v. PEOPLE EX REL. GONZALES.
(81 P. [2d] 383)

Decided June 20, 1938.

Mr. Arthur L. Olson, for plaintiff in error.

Mr. B. H. Shattuck, for defendant in error.

*In Department.*

Mr. Chief Justice Burke delivered the opinion of the court.

These parties are hereinafter referred to as Harris and Gonzales respectively.

Harris was a member and treasurer of a school board in a third class district. Gonzales, alleging that he had removed permanently from the district and relator had been appointed by the county superintendent to fill the vacancy thus created, brought quo warranto. A demurrer to the complaint was overruled, Harris elected to stand, and to review the judgment of ouster entered accordingly this writ is prosecuted and supersedeas applied for. The only question raised by the assignments and argued in the briefs is the sufficiency of the facts alleged.

The complaint, filed February 19, 1938, recites that Harris, then a resident of the district, was elected in May, 1936, for a three year term; that in April, 1937, "he moved out of said district and into the City of Trinidad, said Las Animas County, with the fixed intention of leaving said school district No. 4 as his place of residence and of giving up his legal residence and dom-

icile therein and of renouncing said district as his legal residence and of establishing and acquiring his legal residence and domicile in said City of Trinidad, where he has ever since resided and now resides, and where he has ever since made, and now makes his legal residence, domicile and home''; that Gonzales was appointed to the vacancy thus created August 7 following, qualified a week later, ''and ever since has been treasurer and director, and duly qualified to act as such''; but that Harris continues to hold himself out as such officer and so act and exclude relator.

Section 23, chapter 146, '35 C. S. A. provides: ''The county superintendent shall * * * fill vacancies that may occur in any board of directors by reason of death, removal from office or from the district * * *.''

Section 103, id., provides: ''Absence from the district of any director or officer of the district, without leave of the board entered upon its minutes, when prolonged beyond thirty consecutive days, may be held to work a vacancy in said office when so declared by the vote of three-fourths of the remaining members of the board; and such vacancy shall be filled as other vacancies are filled.''

Gonzales says a director must be a resident of the district; that his removal therefrom, ipso facto, creates a vacancy which it is the duty of the county superintendent to fill; hence this case is within the provisions of said section 23; wherefore Harris is out and he is in. Harris says that his removal from the district is ''absence'' within the terms of said section 103; that such absence with ''leave of the board entered upon its minutes'' is permissible and works no forfeiture, hence Gonzales must plead and prove absence without leave; and that under either section a vacancy must first be declared ''by a vote of three fourths of the remaining members of the board'' before the county superintendent can appoint; wherefore there was no vacancy and Gonzales is no director.

Considering the general policy of our law, that

officials must be residents of the county or district for which they are elected, plus the provisions of said section 23, we think it clear that a school director of a third class district must be a resident of the district. If so his permanent removal, here admitted, ipso facto, creates a vacancy and calls for appointment just as finally and definitely as death or resignation. Mere absence from the district, without change of residence, might be such as to so impede the district's business so as to demand the director's removal. The board is the best judge of such a situation, hence the discretion vested in it by said section 103. "Absence" is one thing, "removal" another, hence both sections can not apply to the same case. *Barstow v. Stone,* 10 Colo. App. 396, 405, 52 Pac. 48; *Wheeler v. Wheeler,* 35 Ill. App. 123, 125, 25 N. E. 588. Where residence is required and removal creates a vacancy an appointment can be made. No prior judicial proceeding to adjudge such vacancy is necessary and the appointee may secure office by quo warranto. Therein the prior incumbent has his "day in court." *People ex rel. Tracy v. Brite,* 55 Cal. 79; 46 C. J., p. 974, §120. By his demurrer Harris admits himself out.

The judgment is affirmed.

Mr. Justice Hilliard, Mr. Justice Bakke and Mr. Justice Holland concur.