TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

---

|  |  |  |
|---|---|---|
| OPINION | : | No. 92-1001 |
| of | : | |
| | : | DECEMBER 9, 1992 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY S. Da VIGO | : | |
| Deputy Attorney General | : | |
| | : | |

---

This office has been requested by Bill Steele ("relator") to grant leave to sue in quo warranto upon the following:

ISSUES OF FACT OR LAW

Has G. B. Tucker ("defendant") ceased to comply with the residence requirement for representing the fifth supervisorial district, Nevada County Board of Supervisors?

DISPOSITION

No substantial issue of fact or law is presented in connection with defendant's compliance with the residence requirement for representing the fifth supervisorial district, Nevada County Board of Supervisors. It is determined that an action in quo warranto would not serve the public interest and, therefore, leave to sue is DENIED.

MATERIAL FACTS

In November of 1988 defendant was elected to represent the fifth supervisorial district on the Nevada County Board of Supervisors; his term expires in January of 1993. It is not disputed that at the time of his election to, qualification for, assumption of, and entry upon his supervisorial duties, he was a domiciliary of the fifth district.

Relator alleges that in January of 1990, defendant moved from his residence at 12225 Buckeye Road, Nevada City (within the fifth district) to 629 East Broad Street, Nevada City (outside the fifth district). He further alleges that defendant has rented out his district residence. However, there are no specific averments respecting the nature, extent, or term of the rental.

Defendant alleges that prior to January of 1990, he maintained his domicile and sole residence within the fifth district at the Buckeye Road address; that he has maintained his domicile as well as a place of residence at that address since January of 1990; that he has remained during the night occasionally at both the Buckeye Road and Broad Street addresses; that his homeowner's

exemption and voter registration address are at the district residence; and that the district residence is the place to which he intends to return whenever absent.

ANALYSIS

In deciding whether to grant leave to sue in the name of the People of the State of California, we consider the following fundamental precepts which provide the basis for this analysis: leave will be granted where there is a substantial question of law or fact which requires judicial resolution and where the action in quo warranto would serve the overall public interest. (75 Ops.Cal.Atty.Gen. 10, 11-12 (1992).)

The relator's application for leave to sue is predicated upon the contention that continued residence within a supervisorial district is required of a member of a county board of supervisors during the entire term of office. In this regard, Government Code section 1770[1] provides in part:

"An office becomes vacant on the happening of any of the following events before the expiration of the term:

". . . . . . . . . . . . . . . . . . .

"(e) His ceasing to be an inhabitant of the state, or if the office be local and one for which local residence is required by law, of the district, county, or city for which the officer was chosen or appointed. . . ."[2]

The issue to be addressed is whether continued residence within a supervisorial district is "required by law" for purposes of section 1770. We have previously observed that in the absence of statutory expression to the contrary, a residence requirement for election remains as a condition to the continued right to hold office. (75 Ops.Cal.Atty.Gen. 26, 28 (1992); 73 Ops.Cal.Atty.Gen. 427, 429 (1990).) Looking at the governing statutes, we find in section 25040: "Each member of the board of supervisors shall be elected by the district which he represents, and not at large . . . ." Section 25041 states: ". . . each member shall have been a registered voter of the district which he seeks to represent for at least 30 days immediately preceding the deadline for filing nomination documents for the office of supervisor, and shall reside in the district during his incumbency."[3]

While the terms "reside" in section 25041 and "inhabitant" in section 1770 have not been statutorily defined, we have on prior occasion considered these terms in related contexts; generally, these terms connote "domicile," i.e., the place where a person's habitation is fixed, at which the person intends to remain, and to which the person intends to return whenever absent. (75

---

[1]Unidentified section references herein are to the Government Code.

[2]A member of a county board of supervisors is clearly the holder of a public office. (§ 24000, subd. (o).)

[3]The 30-day prefiling residential requirement of section 25041 was ruled constitutional in *Daniels* v. *Tergeson* (1989) 211 Cal.App.3d 1204, 1210-1213. In *Wenke* v. *Hitchcock* (1972) 6 Cal.3d 746, the Supreme Court examined the candidate qualification requirements of sections 25040-25041 for purposes of adjustments to the boundaries of supervisorial districts in making them equal in population under a redistricting plan.

Ops.Cal.Atty.Gen. 26, 28 (1992).) Thus, domicile requires both the act of residence and the element of intent. (73 Ops.Cal.Atty.Gen. 197, 208-211 (1990).)

In our view, relator's allegations that defendant has purchased or moved to a residence outside the district is not probatively significant, since an individual may well have multiple residences as that term is commonly understood and as distinguished from the concept of domicile. (72 Ops.Cal.Atty.Gen. 15, 23 (1989).) Nor would the relator's allegations overcome the direct evidence of defendant's expressed intent to remain in and return to the district residence whenever absent, corroborated by documentary evidence of voter registration, driver's license, automobile registration, tax returns, homeowner's exemption, telephone, and mailing addresses. Under similar circumstances, we have consistently denied applications for leave to sue in quo warranto to test the question of residence. (75 Ops.Cal.Atty.Gen. 26, 28 (1992); 73 Ops.Cal.Atty.Gen. 427, 430-431 (1990); see *Fenton v. Board of Directors* (1984) 156 Cal.App.3d 1107, 1117-1118.)

PUBLIC INTEREST

Moreover, it is well settled that the mere existence of a justiciable issue does not require the Attorney General to grant leave to sue in quo warranto. (*City of Campbell v. Mosk* (1961) 197 Cal.App.2d 640, 650; 74 Ops.Cal.Atty.Gen. 31, 32 (1991).) Consideration must also be given concerning whether maintaining an action in quo warranto in the circumstances presented would be consistent with the public interest.

Here, the defendant's term of office, to which he was not reelected, expires on January 5, 1993. Only weeks remain of a four-year term. While it cannot be accurately predicted how long it would take for the proposed action to be filed, heard, and resolved, even in the absence of an appeal, it is at least reasonably probable that the issue would become moot prior to judicial resolution. (See 75 Ops.Cal.Atty.Gen. 10, 14 (1992).)

In this regard, our resolution in 73 Ops.Cal.Atty.Gen. 197, 212 (1990), where only four months remained, is distinguished. There, the public agency declared an incumbent's office vacant and appointed a successor. We appropriately cited *People v. Brite* (1880) 55 Cal. 79, *People v. Fleming* (1893) 100 Cal. 537, and *Klose v. Superior Court* (1950) 96 Cal.App.2d 913, for the proposition that while the failure to maintain a required residence results, without prior adjudication, in a vacancy to which a successor may be appointed, an incumbent is nevertheless entitled to a hearing prior to a conclusive determination of vacancy. Thus, although the cited cases did not involve brief remaining terms, the governing considerations there were significantly different. We are not concerned here, on the other hand, with a dispossession of office.

When considered in conjunction with the public interest in eligibility to hold public office and the resolution of ambiguities in support of that interest *(Helena Rubenstein Internat. v. Younger* (1977) 71 Cal.App.3d 406, 418; 74 Ops.Cal.Atty.Gen. 26, 29-30 (1991)), we perceive minimal benefit in compelling defendant herein to respond in a judicial proceeding based upon the showing presented and in view of the circumstances referred to above.

The proposed action would not be in the public interest, and leave to sue is therefore denied.

* * * * *

3.