BILL LOCKYER Attorney General ANTHONY S. DA VIGO Deputy Attorney General
JOHN B. LINDEN has requested this office to grant leave to sue in quo warranto upon the following questions:
1. Is Joel Scalzitti unlawfully holding the office of director of the Helix Water District due to a failure to satisfy the qualification of being a landowner within the district?
2. Is Joel Scalzitti unlawfully holding the office of director of the Helix Water District due to a failure to satisfy the qualification of being a resident within the division of the district from which he was elected?
 CONCLUSIONS
1. Whether Joel Scalzitti is unlawfully holding the office of director of the Helix Water District due to a failure to satisfy the qualification of being a landowner within the district presents substantial issues of fact and law requiring judicial resolution.
2. Whether Joel Scalzitti is unlawfully holding the office of director of the Helix Water District due to a failure to satisfy the qualification of being a resident within the division of the district from which he was elected presents substantial issues of fact and law requiring judicial resolution.
 ANALYSIS
John B. Linden ("Linden") contends that Joel Scalzitti ("Scalzitti") is unlawfully serving as a member of the Board of Directors of the Helix Water District ("District") because he does not own property within the District and does not reside in Division 1 of the District from which he was elected. Linden requests that we grant his application to file a "quo warranto" action against Scalzitti to remove Scalzitti from office. We conclude that the request should be granted.
The District was formed and operates as an irrigation district under the Irrigation District Law (Wat. Code, §§ 20500-26875).[1] On November 7, 2000, Scalzitti was elected as a director from Division I of the District for a four-year term.
According to Linden, Scalzitti resides at 10050 Country View Road, La Mesa, within Division 2 of the District. Scalzitti's vehicle registrations list the Country View Road property as his address. Although Scalzitti claims to live at 1063 1/2 Sumner Avenue, El Cajon, within Division 1 of the District, he does not; two other persons occupy that property as tenants of Scalzitti's mother. Scalzitti has no recorded interest in any property within the District.
Scalzitti responds that he lives at the Sumner Avenue property and has an unrecorded half interest in the property. He is registered to vote in Division 1 of the District. He uses the Country View Road residence as a place of business.
Keeping in mind these facts presented by the parties, we turn to the legal issues. Section 803 of the Code of Civil Procedure provides that an action in the nature of quo warranto "may be brought by the attorney general, in the name of the people of this state, upon his own information, or upon the complaint of a private party, against any person who usurps, intrudes into, or unlawfully holds or exercises any public office. . . ." A director of an irrigation district holds a public office for purposes of a quo warranto action. (76 Ops.Cal.Atty.Gen. 81, 83-84 (1993) [irrigation district director]; see also 82 Ops.Cal.Atty.Gen. 74 (1999) [water district director]; 82 Ops.Cal.Atty.Gen. 68 (1999) [water district director]; 80 Ops.Cal.Atty.Gen. 242 (1997) [water district director].)[2] This proceeding is therefore properly initiated to test whether Scalzitti "unlawfully holds or exercises" the office of District director.
In determining whether to grant leave to sue, we consider two questions: has a substantial question of fact or law been presented requiring judicial resolution, and if so, would the overall public interest be served by allowing the action in quo warranto to be filed. (83 Ops.Cal.Atty.Gen. 181, 182 (2000); 81 Ops.Cal.Atty.Gen. 98, 100 (1998).)
Subdivision (a) of section 21100 sets forth the pertinent requirements for becoming and remaining a District director:
"Each director, except as otherwise provided in this division, shall be a voter and a landowner in the district and a resident of the division that he or she represents at the time of his or her nomination or appointment and through his or her entire term . . .
Thus, we are presented with two questions concerning Scalzitti's compliance with the statutory qualifications of being a landowner within the District and a resident of Division 1 throughout his term of office. A lack of either qualification would result in a loss of office as a matter of law. (Gov. Code, § 1770, subd. (e) [an office becomes vacant on the failure to satisfy a residence requirement]; People v.Chaves (1898) 122 Cal. 134, 138 ["An office is vacant, in the eye of the law, whenever it is unoccupied by a legally qualified incumbent who has a lawful right to continue therein . . .
With respect to the requirement that each director be a landowner, the Supreme Court in Choudhry v. Free (1976) 17 Cal.3d 660 ruled that applying section 21100's requirement to a director of the Imperial Irrigation District, due to its unique characteristics, violated the federal Constitution. The court did not extend its ruling to any other irrigation districts, and the Legislature has subsequently amended section 21100. Moreover, after the Choundhry decision, the United States Supreme Court in Bell v. James (1981) 451 U.S. 355, 371, upheld landowner requirements that have a reasonable relationship to a statutory objective. Whether the landowner requirement of section 21100, as currently enacted, violates the federal or state Constitutions as applied to a director of the District presents substantial issues of law.
The landowner requirement of section 21100 also presents substantial issues of fact in the present circumstances. Scalzitti claims that he has obtained a half interest in the Sumner Avenue property under an informal agreement with his mother. We note in this regard that Civil Code section 1091 provides:
"An estate in real property, other than an estate at will or for a term not exceeding one year, can be transferred only by operation of law, or by an instrument in writing, subscribed by the party disposing of the same, or by his agent thereunto authorized by writing."
An interest in property is acquired (other than by operation of law, as by inheritance or adverse possession) by deed conveyance. (Civ. Code, § 1092; Evid. Code, § 1603) No evidence has been presented by Scalzitti that he has a deed of conveyance for the property.[3] Accordingly, substantial issues of fact and law have been presented by Linden with respect to whether Scalzitti owns property within the District for purposes of section 21100.
With respect to the residence requirement of section 21100, we note that Government Code section 244 describes the factors to be considered when examining a person's "residence" for various purposes:
"In determining the place of residence the following rules shall be observed:
"(a) It is the place where one remains when not called elsewhere for labor or other special or temporary purpose, and to which he or she returns in seasons of repose.
"(b) There can only be one residence.
"(c) A residence cannot be lost until another is gained.
". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
"(f) The residence can be changed only by the union of act and intent.
". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."
We have previously observed that" "residence' for purpose of being an "elector' means "domicile.'" (72 Ops.Cal.Atty.Gen. 63, 67 (1989); seeDeMiglio v. Mashore (1992) 4 Cal.App.4th 1260, 1263, fn. 1.) A domicile is the place of physical presence coupled with the intention to make that place one's permanent home. (Fenton v. Board of Directors (1984)156 Cal.App.3d 1107, 1113-1114.) It is the" "fixed home of a party as understood by himself and his neighbors and friends.' "(Burt v.Scarborough (1961) 56 Cal.2d 817, 820.)
While a person may, at any given time, have more than one physical place of abode, he or she may have only one domicile; and a domicile, once established, is presumed to continue until a new one has been acquired. (Walters v. Weed (1988) 45 Cal.3d 1, 7-8.) Further, the acquisition of a new domicile is generally understood to require an actual change of residence accompanied by an intention to remain either permanently or for an indefinite time in the new locality. (DeMiglio v. Mashore, supra, 4 Cal.App.4th at p. 1268; 72 Ops.Cal.Atty.Gen. 8, 13 (1989).)
In analyzing whether a particular residence constitutes a person's domicile, we have traditionally considered such indicia as the address shown on the person's tax returns, driver's license, automobile registration, homeowner's exemption, telephone listing, and voter registration. (84 Ops.Cal.Atty.Gen. 154, 157 (2001); 75 Ops.Cal.Atty.Gen. 287, 289 (1992).)
In the present circumstances, Linden has submitted a verified statement of facts, supported by declarations signed under penalty of perjury, indicating Scalzitti's residence for purposes of section 21100 to be in Division 2 rather than Division 1 of the District. Scalzitti has not presented a verified statement of facts as to the issue of his residence. Accordingly, we believe substantial issues of fact and law have been presented concerning Scalzitti's residence at the time of his election and during his term of office for purposes of section 21100.
We have generally viewed the existence of a substantial question of fact or law as presenting a sufficient public purpose to warrant the granting of leave to sue in quo warranto. In such cases, leave will be denied only in the presence of other overriding considerations. (82 Ops.Cal.Atty.Gen., supra, at pp. 81-82; 81 Ops.Cal.Atty.Gen. 94, 98 (1998).) No such considerations are present here. Rather, both the public and the District have an interest in a judicial resolution of this matter.
Accordingly, the application for leave to sue in quo warranto is GRANTED.
[1] All references hereafter to the Water Code are by section number only.
[2] Scalzitti points out that a District director is "subject to removal from office" by any assessment payer of the District "[f]or any willful violation of any express duty. . . ." (§ 21196.) This statutory remedy assumes a lawful holding of the office at the time of the filing of the lawsuit, whereas a quo warranto action does not. This distinction between the two is significant. (See People ex rel. Flemingv. Shorb (1893) 100 Cal. 537, 540-541; People v. Bright (1880) 55 Cal. 79,80; Nicolopulos v. City of Lawndale (2001) 91 Cal.App.4th 1221, 1226;Klose v. Superior Court (1950) 96 Cal.App.2d 913, 917-918; 84 Ops.Cal.Atty.Gen. 206, 207 (2001); 83 Ops.Cal.Atty.Gen. 50, 51, fn. 1 (2000); 82 Ops.Cal.Atty.Gen. 78, 81 (1999); 81 Ops.Cal.Atty.Gen. 207, 209-210 (1998).)
[3] We have found nothing in the Uniform District Elections Law (Wat. Code, § 20573; Elec. Code, §§ 10500-10556) that is inconsistent with or supersedes the landowner requirement of section21100. (See Elec. Code, §§ 10500, subd. (a)(9); 10502, subd. (c).)