[No. F002607. Fifth Dist. June 7, 1984.]

ANNE L. FENTON, Plaintiff and Respondent, v.
BOARD OF DIRECTORS OF THE GROVELAND COMMUNITY
SERVICES DISTRICT, Defendant and Appellant.

## COUNSEL

Krause, Timan, Baskin, Shell & Grant, Marshall W. Krause, Bush, Ackley, Milich & Hallinan and Michael D. Milich for Defendant and Appellant.

John J. Woods for Plaintiff and Respondent.

## OPINION

VAN AUKEN, J.*—The major issue involved in this appeal is whether or not the trial court erred when it ruled that respondent was "residing" within the district under Government Code section 61200. The trial court found that although respondent had been physically residing outside of the district, she was in fact "domiciled" within the district at Big Oak Flat and was therefore "residing" within the district under Government Code section 61200.

For reasons hereinafter stated, we agree with the trial court's decision and affirm the declaratory relief granted below.

### FACTS

*Facts Regarding the Underlying Controversy*

In the fall of 1981, respondent, Anne L. Fenton, ran as an unopposed candidate for director of the Groveland Community Services District (appellant). On October 27, 1981, pursuant to Elections Code section 23520, the Tuolumne County Board of Supervisors appointed respondent to the board of directors of the district in lieu of an election. Respondent took office on November 27, 1981.

On December 1, 1981, the district's board of directors held a public hearing to determine whether or not respondent was, at that time, a resident of the district and thus qualified to hold office as a director pursuant to Government Code section 61200. At the conclusion of the hearing, a ma-

---

*Assigned by the Chairperson of the Judicial Council.

jority of the board of directors concluded that respondent did not reside within the district and voted to deny respondent her seat on the board and to send the matter to the Tuolumne County Superior Court for adjudication.

On December 31, 1981, respondent petitioned the superior court for writs of mandate and certiorari, requesting the superior court to order the board of directors of the district to seat her on the board and to annul the board's action denying her a seat. The superior court entered judgment against respondent and denied the petition on May 20, 1982. On May 27, 1982, the board of directors of the district adopted a resolution declaring a vacancy on the board, effective that date, due to the unseating of respondent.

Respondent then filed this action, a complaint for declaratory relief. The sole issue at trial was whether or not respondent was "residing" within the district under Government Code section 61200. The court found that although respondent had been physically residing outside of the district, she in fact was domiciled at Big Oak Flat, which is within the district, and was therefore "residing" within the district under Government Code section 61200.

### Facts Regarding Where Respondent Was "Residing"

The following facts were stipulated to by both parties to this action in the lower court proceeding:

Respondent is the owner of real property located on Big Oak Road in Big Oak Flat, California. Respondent also owns real property located on Highway 120 known as Ferndale, California.

The Big Oak Flat property is within the boundaries of the Groveland Community Services District, while the Ferndale property is approximately four miles outside of the boundaries of that district.

Respondent previously applied for a homeowner's property tax exemption on the Ferndale property when the exemption first became available in 1968. That exemption has been in continuous effect from 1968 to the present. Further, the parties have stipulated that in order to qualify for the homeowner's property tax exemption, respondent was required to declare under penalty of perjury that the property was her principal place of residence on March 1 *of the year in which she claimed the exemption.*

It was further stipulated that for the years 1979 through and including 1982, respondent listed her telephone number in the phone directory with the Ferndale address.

In addition to the stipulated facts, the record reveals that in 1949 respondent and her husband (now deceased) moved from the Bay Area to the Big Oak Flat property with their family. At that time respondent filed, and has continually maintained, a veteran's tax exemption upon the property. In 1950 respondent registered to vote using the Big Oak Flat property address and has voted in the same subprecinct in every election since 1950, with the exception of one year (1977), when her residency was legally challenged.

In 1959 respondent and her husband purchased the Ferndale property and in 1960 began to live there on a part-time basis. Since 1968, however, respondent has lived almost exclusively on the Ferndale property. Respondent is the caretaker/watchperson for the Ferndale property and considers it to be her "business" address.

Further evidence established that respondent regularly visits the Big Oak Flat property, varying in frequency from at least once a day to a few times a month. Respondent continues to consider the Big Oak Flat property as her home, and uses that address on her (1) driver's license, (2) vehicle registration, (3) concealed weapon permit, and (4) voter's registration.

### DISCUSSION

I. *Does the Law Preclude Appellant From Arguing That Respondent Was Residing Outside of the Groveland Community Services District?*

Government Code section 61200 sets forth the minimum qualifications for members of the boards of directors of community services districts. The pertinent part of Government Code section 61200 provides that the directors must "be registered electors residing within the boundaries . . ." of the district. The key word in Government Code section 61200, as far as this case is concerned, is "residing." During the lower court proceedings, all parties to this action were in agreement that the word "residing" should be construed as "domiciled," and not "residence." The parties and the trial court further agreed that where a person is domiciled would be determined by applying a two-part test: (1) the physical presence in a particular place, and (2) the intention to make that place one's permanent home.

 Appellant argues on appeal that the trial court erroneously "imported issues of 'domicile' and an alleged requirement that there be an intention to change domicile . . . ." Appellant also contends that the meaning of "residing" should be determined by Government Code section 244 (hereinafter section 244) which sets forth rules for determining the place of residence of an individual. Appellant argues that section 244 requires respondent's

residency to be determined by where she is actually living and not by her domicile. This theory is different from that which was presented to the trial court.

Under ordinary circumstances, when a party changes the theory of his case on appeal the appellate court is precluded from reviewing the new theory. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 281, p. 4269.) This doctrine, known as the "theory of trial," is a well-established rule of appellate practice. (*Ernst* v. *Searle* (1933) 218 Cal. 233, 240-241 [22 P.2d 715].) The application of this doctrine is discretionary, however, and several exceptions have developed. One of the recognized exceptions is that a party may elect to change his theory if the issue only involves a question of law. (*Barton* v. *Owen* (1977) 71 Cal.App.3d 484 [139 Cal.Rptr. 494].)

Appellant's contention on appeal is that the trial court erred as a matter of law because it failed to apply the test for residence contained in section 244. Although this contention is without merit (see the discussion below), the issue raised is one of law and therefore falls within a recognized exception to the "theory of trial" doctrine. Therefore, appellant is not precluded from raising the issue on appeal.

II. *Was the Trial Court Correct in Its Determination That the Word "Residing" Should Also Be Construed to Mean "Domiciled"?*

■ Appellant argues that the trial court erred in failing to construe "residing" according to the test set forth in section 244. Appellant's view is that because section 244 states that a person can have only one residence, and respondent's principal place of residence is her Ferndale residence, the Ferndale residence must be where respondent is "residing." This reasoning results in the conclusion that under section 244 respondent cannot be "residing" within the district and is therefore ineligible to hold her office. Appellant has not cited any authority in support of this argument, except the hereinabove referred to section 244.

Appellant's argument falls short on this particular issue because California courts have long held that the term "residence" as used in section 244 means "domicile." (*Smith* v. *Smith* (1955) 45 Cal.2d 235, 239 [288 P.2d 497]; *Lowe* v. *Ruhlman* (1945) 67 Cal.App.2d 828 [155 P.2d 671].) The reasoning behind this statutory construction was explained by the California Supreme Court in *Smith* v. *Smith, supra,* 45 Cal.2d at page 239: "Courts and legal writers usually distinguish 'domicile' and 'residence,' so that 'domicile' is the one location with which for legal purposes a person is considered to have the most settled and permanent connection, the place where he intends to remain and to which, whenever he is absent, he has the

intention of returning, but which the law may also assign to him constructively; whereas 'residence' connotes any factual place of abode of some permanency, more than a mere temporary sojourn. 'Domicile' normally is the more comprehensive term, in that it includes both the *act* of residence and an *intention* to remain; a person may have only one domicile at a given time, but he may have more than one physical residence separate from his domicile, and at the same time. [Citations.] But statutes do not always make this distinction in the employment of those words. They frequently use 'residence' and 'resident' in the legal meaning of 'domicile' and 'domiciliary,' and at other times in the meaning of factual residence or in still other shades of meaning. [Citations.] For example, in our codes 'residence' is used as synonymous with domicile in the following statutes: sections 243 and 244 of the Government Code, *giving the basic rules generally regarded as applicable to domicile (Lowe v. Ruhlman,* 67 Cal.App.2d 828, 833 [155 P.2d 671]) . . . ." (*Ibid.;* third italics added.)

Examination of section 244 reveals that it does indeed set forth the "basic rules generally regarded as applicable to domicile." It provides in pertinent part: "In determining the place of residence the following rules shall be observed:

"(a) It is the place where one remains when not called elsewhere for labor or other special or temporary purpose, and to which he or she returns in seasons of repose.

"(b) There can only be one residence.

"(c) A residence cannot be lost until another is gained.

". . . . . . . . . . . . . . . . . . . . . . .

"(f) The residence can be changed only by the union of act and intent."

All of the factors quoted above from section 244 consist of basic rules generally applied in determining one's domicile. (See Elec. Code, §§ 200, 202; Rest.2d Conf. of Laws, §§ 11, 15, 16, 18, 19, 20; 27 Cal.Jur.3d, Domicile, p. 795.)

Because the term "residence" in section 244 has for many years been construed by the courts of this state to mean domicile and because the rules set forth in section 244 are basic rules generally recognized for determining domicile, even if the trial court *had* specifically relied upon section 244 it still would have interpreted "residing" in Government Code section 61200 to mean "domiciled."

In addition, the notice of tentative decision issued by the trial court indicates that the decision is based upon "[b]asic principles under the statutory and case law as well as the Restatement of Conflicts . . . ." Because the trial court did not state or imply that it did not rely upon section 244 in making its decision, it is reasonable to presume that the trial court did consider section 244 and the case law interpreting it to mean domicile. It is therefore clear that the trial court did not err in interpreting "residing" in Government Code section 61200 to mean "domiciled." Therefore, appellant's contention on this issue must fail.

III. *Was the Trial Court in Error in Considering the Presumption Set Forth in Elections Code Section 211 and Concluding That the Presumption Did Not Apply?*

The trial court considered the following presumption of Elections Code section 211: "If a person has more than one residence and such person maintains a homeowner's property tax exemption on the dwelling of one of the residences pursuant to Section 218 of the Revenue and Taxation Code, there shall be a *rebuttable presumption* that the residence subject to the homeowner's property tax exemption is that person's domicile; provided, however, that such presumption shall not apply in the event any other residence is listed as the person's current residence address on any driver's license, identification card, or vehicle registration issued to such person by, and on file with, the Department of Motor Vehicles." (Italics added.) This presumption is one which affects the burden of producing evidence.

As one of the factors in determining respondent's domicile, the trial court considered the presumption raised by Elections Code section 211. However, because respondent's driver's license listed the Big Oak Flat post office box address, the trial court was of the opinion that the presumption did not apply. Although the Big Oak Flat address that was listed was a post office box address and not a street address, after considering the totality of the circumstances the trial court concluded that, in this case, the post office box was in fact the equivalent of a residence address.

■ Appellant contends on appeal that the trial court committed error by considering Elections Code section 211 because it is part of the Elections Code and the statute in question is Government Code section 61200. Alternatively, appellant argues that the trial court's ruling that the presumption did not apply because of the listing of the Big Oak Flat address on the driver's license was error. Appellant's argument is based on the fact that although respondent's Big Oak Flat property had been assigned a street address prior to the time respondent applied for her driver's license, the address on her license was the Big Oak Flat post office box address. Because

that address was a post office box and not a street address, appellant contends that it is an insufficient "residence address." Once again appellant cites no authority in support of either of the two points it raises in connection with Elections Code section 211.

As previously indicated, the test for determining a person's domicile is physical presence plus an intention to make that place his permanent home. In applying this test, reviewing courts have looked at a number of factors in order to determine a person's domicile. (*In re Marriage of Thorton* (1982) 135 Cal.App.3d 500, 509 [185 Cal.Rptr. 388] [where a person votes]; *Estate of Phillips* (1969) 269 Cal.App.2d 656, 659 [75 Cal.Rptr. 301] [acts and declarations of the party involved]; *Ballf* v. *Public Welfare Department* (1957) 151 Cal.App.2d 784, 789 [312 P.2d 360] [a person's mailing address].) Because the courts have traditionally considered a number of factors in determining where one is domiciled, there was no error in the trial court's considering the presumption raised by Elections Code section 211 in order to determine respondent's domicile. In addition, the trial court's determination that the presumption did not apply did not cause appellant any harm because when the presumption was found inapplicable appellant was in no worse a position than if the court had never considered it. Therefore, appellant's first contention on this issue must fail.

The alternative argument appellant presents on this issue is likewise without merit. Appellant has cited no authority which would preclude the trial court from concluding that a post office box address can be considered a residence address. It is common practice in rural areas for post office boxes to be the only address a person has. Further, there may be other circumstances in which a person obtains a post office box either for business purposes or for other personal reasons. In light of the fact that appellant has failed to cite any authority precluding the trial court from reaching the conclusion it did, and the fact that a post office box address is common in rural areas, it appears that whether or not a post office box address is the equivalent of a residence address is a question of fact reserved for the trier of fact. Since the trial judge in this case resolved the factual issue against appellant, the argument raised here essentially consists of a substantial evidence argument. The statement of decision signed by the trial judge gives ample evidence to support his conclusion: "The Court in making this determination considers the effect of a Post Office Box as a residence address, and concludes, in this particular case, that it is one and the same. The underlying circumstances must be considered in its [*sic*] totality. The Groveland and Big Oak Flat community has only in recent years been assigned five digit house numbers by the County. As indicated in the voter registration index introduced into evidence, *virtually all voters in the district were listed by Post Office Box* or Star Route Box as well as residence address in

October, 1981, *as few voters had ascertainable residence addresses at that time.* It is interesting to note that the plaintiff is one of the few who had an ascertainable residence address. Furthermore, Mark Thornton, Chairman of the Board of Directors for the defendant district, himself testified that his residence address was a Star Route Box. To hold the plaintiff to a different standard of [*sic*] that of the rest of the community would be patently unfair." (Italics added.)

It is clear that there is substantial evidence to support the trial court's conclusion on this issue. Therefore, the alternative argument raised by appellant must also fail.

IV. *Was There Substantial Evidence to Support the Trial Court's Determination That Respondent's Domicile Was Her Big Oak Flat Property?*

■ Appellant's final argument is based on the premise that the sole basis for the trial court's decision was the fact that respondent never intended to change her domicile once she had established it at Big Oak Flat in 1949. Since domicile is established by one's physical presence and intent, and further, because intent can be proved by one's actions, appellant argues that the trial court committed error. In support of this argument, appellant presents three subarguments attempting to prove that respondent's actions demonstrated an intent inconsistent with maintaining her domicile in Big Oak Flat.

■ One's intent can be determined by one's acts. (*Chapman* v. *Superior Court* (1958) 162 Cal.App.2d 421, 426 [328 P.2d 23].) It is also clear, however, that the declarations of the party involved must be taken into consideration when the issue of domicile is involved. (*In re Marriage of Leff* (1972) 25 Cal.App.3d 630, 642 [102 Cal.Rptr. 195]; *Estate of Phillips, supra,* 269 Cal.App.2d 656, 659.) It is also established that the application of these factors in determining " '[t]he question of residence or domicile is a mixed question of law and fact, and the determination of the trial court, upon conflicting evidence, is conclusive upon this court. [Citations.]' [Citations.]" (*Estate of Phillips, supra,* 269 Cal.App.2d at pp. 659-660.) Therefore, the issue raised by appellant is in reality a substantial evidence question.

■ In the instant case, there is ample evidence to support the trial court's conclusion on this issue. The evidence clearly established that when respondent moved to Big Oak Flat in 1949 it became her domicile. Thereafter, her intent which was manifested by her declarations at trial, and her actions as manifested by her consistent listing of the Big Oak Flat address as her residence, and the fact that she consistently returned to the property

to check on its welfare all support the trial court's conclusion that respondent's domicile was in fact her Big Oak Flat residence. There being substantial evidence to support the trial court's conclusion on this issue, appellant's contentions must fail.

The judgment is affirmed.

Woolpert, Acting P. J., and Hamlin, J., concurred.