TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

---

|  |  |  |
|---|---|---|
| OPINION | : | |
| | : | No. 91-1109 |
| of | : | |
| | : | FEBRUARY 25, 1992 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY S. Da VIGO | : | |
| Deputy Attorney General | : | |
| | : | |

---

This office has been requested to grant leave to sue in quo warranto upon the following:

ISSUES OF FACT OR LAW

1. Is continued residence within a community college district required during the entire term of office of a community college trustee?

2. Did defendant cease to comply with the residence requirement so as to vacate her office as a community college trustee?

DISPOSITION

1. Continued residence within a community college district is required during the entire term of office of a community college trustee.

2. Defendant did not cease to comply with the residence requirement so as to vacate her office as a community college trustee.

PARTIES

GERALDINE WOODS ("relator") contends that PATSY MARTIN McCOY ("defendant") is unlawfully serving as a trustee of the Riverside Community College District ("District") because she no longer resides within the District.

MATERIAL FACTS

Defendant was elected as a District trustee in November 1988, for a term which expires on December 31, 1992. At the time of her election to, qualification for, assumption of, and entry upon her duties as a District trustee, she was a resident of the District.

In August 1991, defendant and her husband sold their place of residence in in the City of Riverside (within the District), and purchased a home in the City of Long Beach (outside the District). At the same time, defendant rented residential space in Riverside (within the District) and allocates her time between the two residences. She receives mail and maintains a telephone at both locations. She is registered to vote in Riverside, and her automobile is registered in Riverside. No homeowners tax exemption has been claimed on the Long Beach property. Her banking and brokerage accounts are in Riverside.

Defendant declares under oath that Riverside is her domicile and residence and the place at which she intends to remain and to which she returns "when not called elsewhere for labor or other special or temporary purpose."

ANALYSIS

In deciding whether to grant leave to sue in the name of the People of this state, we consider the following fundamental precepts which provide the basis for this analysis: leave will be granted where there is a substantial question of law or fact which requires judicial resolution, *and* where the action in quo warranto would serve the overall public interest of the People of this state. (74 Ops.Cal.Atty.Gen. 31 (1991).)

The relator's application for leave to sue is predicated upon the contention that continued residence within a community college district is required of a community college trustee during the entire term of office. We agree.

Education Code section 5090[1] provides that "[v]acancies on . . . community college district boards are caused by any of the events specified in Section 1770 of the Government Code . . . ." The latter statute states in part:

> "An office becomes vacant on the happening of any of the following events before the expiration of the term:
>
> ". . . . . . . . . . . . . .
>
> "(e) His ceasing to be an inhabitant of the state, or if the office be local *and one for which local residence is required by law*, of the district, county, or city for which the officer was chosen or appointed . . . ." (Emphasis added.)[2]

With respect to whether a member of a community college district governing board holds an office "for which local residence is required by law," subdivision (a) of section 72103 provides:

> "Any person, regardless of sex, who is 18 years of age or older, a citizen of the state, *a resident of the community college district,* a registered voter, and who is not disqualified by the Constitution or laws of the state from holding a civil office, is eligible to be *elected or appointed* a member of a governing board of a community college district without further qualifications." (Emphases added.)

---

[1]All references hereafter to the Education Code are by section number only.

[2]A member of the governing board of a community college district is clearly the holder of a public office. (62 Ops.Cal.Atty.Gen. 126, 130 (1979).)

Here it is conceded that at the time of her election, defendant was a resident of the District. Literally construed, that is all section 72103 requires.

We have previously observed, however, that in the absence of statutory expression to the contrary, a residence requirement for election remains as a condition to the continued right to hold office. (73 Ops.Cal.Atty.Gen. 197, 204 (1990); 66 Ops.Cal.Atty.Gen. 229, 230 fn. 3 (1983); 59 Ops.Cal.Atty.Gen. 627, 629 (1976); 58 Ops.Cal.Atty.Gen. 888, 891 (1975).) Since neither party has suggested any contrary statutory indication, we believe that the residence requirement for election or appointment to the governing board of the District continues throughout the entire term of office.

Accordingly, we must consider whether sufficient facts have been alleged to give rise to a substantial question of law or fact regarding defendant's continued residence within the District.

While the terms "resident" in section 72103 and "inhabitant" in Government Code section 1770 have not been statutorily defined, we have on prior occasion considered these terms in related contexts. (72 Ops.Cal.Atty.Gen. 63, 65-68 (1989); 72 Ops.Cal.Atty.Gen. 15, 21-22 (1989); 72 Ops.Cal.Atty.Gen. 8, 10-14 (1989). Generally, these terms connote "domicile," i.e., the place where a person's habitation is fixed, at which the person intends to remain, and to which a person intends to return whenever absent. Thus, domicile requires both the act of residence and the element of intent. (See 73 Ops.Cal.Atty.Gen. 197, 208-211 (1990).)

In our view, relator's allegations that defendant has purchased a residence outside of the District and resides there part-time, even when coupled with a conclusory belief that defendant does not intend to remain at her residence within the District, are not sufficient when weighed against the direct evidence of intent on the part of defendant which is materially corroborated by her conduct. Under similar circumstances, we have consistently denied applications to file quo warranto actions to test the question of residency. (72 Ops.Cal.Atty.Gen. 63, *supra*; 72 Ops.Cal.Atty.Gen. 15, *supra*; 72 Ops.Cal.Atty.Gen. 8, *supra*.) *Fenton* v. *Board of Directors* (1984) 156 Cal.App.3d 1107, 1117-1118, provides ample authority for denial of the application based upon the conduct and declared intent of defendant.

PUBLIC INTEREST

It is well settled that the existence of a justiciable issue does not automatically require leave to be granted to the relator to sue in quo warranto. (*City of Campbell v. Mosk* (1961) 197 Cal.App.2d 640, 650; 74 Ops.Cal.Atty.Gen. 31, 32 (1991).) When considered in conjunction with the public interest in eligibility to hold public office and the resolution of ambiguities in support of that interest (*Helena Rubenstein Internat. v. Younger* (1977) 71 Cal.App.3d 406, 418; 74 Ops.Cal.Atty.Gen. 26, 29-30 (1991)), we perceive minimal benefit in compelling defendant herein to respond in a judicial proceeding based upon the showing presented here. A contrary disposition would discourage participation of citizens on public boards and commissions. (Id. at p. 29.)

The proposed action would not be in the public interest, and leave to sue is therefore denied.

\* \* \* \* \*