TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 97-1007 |
| of | : | |
| | : | March 5, 1998 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY Da VIGO | : | |
| Deputy Attorney General | : | |
| | : | |

_____

GROSSMONT EDUCATION ASSOCIATION and LINDA PIERCE have requested this office to grant leave to sue in quo warranto upon the following:

ISSUES OF FACT OR LAW

1.      Is continued residence within a high school district required during the entire term of office of a governing board member?

2.      Has defendant ceased to comply with the residence requirement for continued service as a governing board member of a high school district?

CONCLUSIONS

1.      Continued residence within a high school district is required during the entire term of office of a governing board member.

2.      Whether defendant has ceased to comply with the residence requirement for continued service as a governing board member of a high school district presents a substantial issue of fact and law.

PARTIES

GROSSMONT EDUCATION ASSOCIATION and LINDA PIERCE ("relators") contend that MAYNARD R. OLSEN ("defendant") is unlawfully serving as a member of the governing

board of the Grossmont Union High School District in the City of La Mesa, County of San Diego ("District").

## MATERIAL FACTS

Defendant was elected in 1994 to the governing board of the District for a term that expires in December of 1998.

Relators allege that in February of 1997, defendant was licensed to practice medicine in the state of Utah; that during the first quarter of 1997, defendant reduced his medical practice within the District from two days to one morning per week, while pursuing a practice in Utah; that in June of 1997, defendant's colleagues held a "going away" party at the site of his medical practice within the District; that defendant currently maintains a medical practice in Utah on a five-day-per-week basis; that in August of 1997, defendant purchased a home in Utah; that defendant has moved to Utah with his family and furnishings; that defendant's house within the District, which is for sale, is occupied by his daughter's family; and that defendant admits his intention to make Utah his permanent home.

Defendant alleges that he practices medicine in California and Utah; that he maintains hospital privileges and treats patients at Grossmont Hospital; that until July of 1997 his primary residence was at his home within the District; that since July of 1997, he has rented a room within the District which is his current place of residence; that he intends to continue his domicile within the District notwithstanding the substantial time spent in Utah for purposes of work; and that he is registered to vote within the District.

## ANALYSIS

In deciding whether to grant leave to sue in the name of the People of the State of California, we consider initially whether there exists a substantial question of law or fact which requires judicial resolution, and if so, whether the proposed action in the nature of quo warranto would serve the overall public interest. (80 Ops.Cal.Atty.Gen. 242, 242-243 (1997).)

No issue is raised herein respecting defendant's qualifications for election to the District's governing board. Rather, it is alleged that defendant has failed to maintain his residence within the District during his term of office. In this regard, Government Code section 1770 provides in part:

"An office becomes vacant on the happening of any of the following events before the expiration of the term:

". . . . . . . . . . . . . . . . . . . . . .. . .. .. . . . . . . . . . . . . .

"(e) His or her ceasing to be an inhabitant of the state, or if the office be local and one for which local residence is required by law, of the district . . . for which the officer was chosen or appointed . . . .

". . . . . . . . . . . . . . . . . . . . .. . . .. . . . . . . . . . . . . . **Footnote No. 1**

1. Continued Residence Requirement

The first issue to be resolved is whether defendant's continued residence within the District is required during his term of office as a member of the District's governing board. **Footnote No. 2** Education Code section 35107, subdivision (a), provides as follows:

"Any person, regardless of sex, who is 18 years of age or older, a citizen of the state, a resident of the school district, a registered voter, and who is not disqualified by the Constitution or laws of the state from holding a civil office, is eligible *to be elected or appointed* a member of the governing board of a school district without further qualifications." (Italics added.)

While this statutory provision refers specifically to eligibility for election or appointment to a school district's governing board, and not explicitly to continued service thereon, we have previously observed that in the absence of any statutory expression to the contrary, an election residence requirement continues during the entire term of office as a qualification for holding the office. (79 Ops.Cal.Atty.Gen. 243, 245 (1996); 75 Ops.Cal.Atty.Gen. 287, 288 (1992).) Hence, if defendant does not currently qualify as a resident of the District, he is not qualified to hold office as a member of the governing board.

2. Change of Residence

The second inquiry is whether defendant has ceased to comply with the requirement of residence within the District during his term of office. "Residence" for purposes of Government Code section 1770 means "domicile," a place of physical presence coupled with an intention to make that place one's permanent home; a person may only have one domicile at any given time. (See *Walters* v. *Weed* (1988) 45 Cal.3d 1, 7; *Smith* v. *Smith* (1955) 45 Cal.2d 235, 239; *DeMiglio* v. *Mashore* (1992) 4 Cal.App.4th 1260, 1268; *Fenton* v. *Board of Directors* (1984) 156 Cal.App.3d 1107, 1113; 79 Ops.Cal.Atty.Gen. 21, 25-26 (1996); 73 Ops.Cal.Atty.Gen. 197, 208-209 (1990); 72 Ops.Cal.Atty.Gen. 8, 11 (1989).)

In our view, relators' allegation that defendant has purchased a home outside the District, taken alone, is not dispositive, since an individual may have multiple dwellings as distinguished from the concept of domicile. (75 Ops.Cal.Atty.Gen., *supra*, 289.) In prior opinions, therefore, where such an allegation was insufficient to overcome direct evidence of an expressed intent to remain in and to return to the officer's domicile within the public agency's boundaries whenever absent for purposes of work, where such an expression was coupled with corroborative conduct, we have denied applications for leave to sue in quo warranto. (*Ibid*.; 75 Ops.Cal.Atty.Gen. 26, 28 (1992); 73 Ops.Cal.Atty.Gen. 427, 430 (1990).)

The present application, however, contains allegations which, if true, would call substantially into question defendant's claim of continued domicile within the District. Defendant's conduct suggests, at the least, that he intends to remain in Utah for an indefinite time. While defendant supports his claim of continued domicile within the District by attempting to maintain his registration to vote therein, such a course of action appears to be inconsistent with the Elections Code section 2023, which states:

"If a person moves to another state as a place of permanent residence, with the intention of remaining there for an indefinite time, he or she loses his or her domicile in this state, notwithstanding that he or she intends to return at some future time."

Whether defendant has ceased to comply with the requirement of residence within the District during his term of office as a District board member presents substantial issues of law and fact.

## PUBLIC INTEREST

In 79 Ops.Cal.Atty.Gen., *supra*, 247, we observed:

"Finally, it is well settled that the mere existence of a justiciable issue does not establish that the public interest requires a judicial resolution of the dispute or that the Attorney General is required to grant leave to sue in quo warranto. (75 Ops.Cal.Atty.Gen. 287, 289 (1992).) As stated in *City of Campbell* v. *Mosk* (1961) 197 Cal.App.2d 640, 650: 'The exercise of the discretion of the Attorney General in the grant of such approval to sue calls for care and delicacy. Certainly the private party's right to it cannot be absolute; the public interest prevails.'"

As a general rule, we have viewed the existence of a substantial question of fact or law as presenting a sufficient "public purpose" to warrant the granting of leave to sue; accordingly, leave will be denied only in the presence of other overriding considerations. (80 Ops.Cal.Atty.Gen., *supra*, 247.) We find no countervailing considerations herein. Rather, both the public and the District have an interest in the integrity of public office and in the qualifications of their officials.

Accordingly, the application for leave to sue in quo warranto is GRANTED.

\* \* \* \* \*

---

**Footnote No. 1**
A member of the governing board of a high school district is the holder of a public office for purposes of Government Code section 1770. (See 73 Ops.Cal.Atty.Gen. 354, 356 (1990).)
**Footnote No. 2**
Education Code section 5090 provides in part: "Vacancies on school district governing boards . . . are caused by any of the events specified in Section 1770 of the Government Code. . . ."

---