BILL LOCKYER Attorney General MARJORIE E. COX Deputy Attorney General
JONATHAN L. WINNINGHAM, MAYOR OF THE CITY OF CALIMESA, has requested this office to grant leave to sue in quo warranto upon the following question:
Is Jon S. Taylor unlawfully holding the office of member of the Calimesa City Council due to a change of residence?
 CONCLUSION
Whether Jon S. Taylor is unlawfully holding the office of member of the Calimesa City Council due to a change of residence presents substantial issues of fact and law requiring judicial resolution.
 ANALYSIS
Jonathan L. Winningham, Mayor of the City of Calimesa ("Winningham"), contends that Jon S. Taylor ("Taylor") is unlawfully serving as a member of the Calimesa City Council due to the sale of his home in Calimesa and his move to a residence in the City of Yucaipa. Winningham requests that we grant his application to file a "quo warranto" action against Taylor to remove Taylor from office. We conclude that the request should be granted.
Calimesa is a general law city governed by a five-member city council whose members are elected and serve at large. Taylor was first elected to the city council in 1996. He was reelected for a second four-year term on November 7, 2000, and assumed office for his second term on December 4, 2000.
Taylor resided at 1084 Fourth Street, Calimesa, for many years. He sold the property and closed escrow on January 21, 2002. Taylor is currently living at 13325 Sidana Road, Yucaipa, which is a duplex he owns with his wife. Taylor also owns a commercial building at 1007 Calimesa Boulevard, Calimesa.
According to Winningham, Taylor has lived in Yucaipa for at least two years. Since August of 2000, the telephone directory has listed Taylor's residence in Yucaipa, not in Calimesa. On August 31, 2001, Taylor recorded a deed of trust on his Yucaipa residence stating:
 "(A) The Property is my personal and primary residence; (B) I will occupy the Property not later than 30 days after this Security Instrument is recorded; and (C) I will use the Property as my residence for at least 12 months from the date this Security Investment is recorded."
Taylor has not been a registered voter since January 30, 2002. His commercial property in Calimesa cannot be used as a residence under Calimesa's general plan, zoning, or building and construction regulations or under the conditions imposed by the County of Riverside at the time of the building's construction.
Taylor responds that although he has moved some of his possessions to his Yucaipa residence, he also has some of his possessions at his Calimesa building. The Calimesa building, he believes, is exempt from Calimesa's zoning and building requirements. He would live in the building but for the city's threat to prosecute him for zoning and building violations. His driver's license and vehicle registrations list a post office box in Calimesa. The telephone directory listing Yucaipa as his residence was printed in error.
Keeping in mind these facts presented by the parties, we turn to the legal issues. Section 803 of the Code of Civil Procedure provides that an action in the nature of quo warranto "may be brought by the attorney-general, in the name of the people of this state, upon his own information, or upon the complaint of a private party, against any person who usurps, intrudes into, or unlawfully holds or exercises any public office. . . ." A member of a city council holds a public office for purposes of a quo warranto action. (See 72 Ops.Cal.Atty.Gen. 63 (1989); 72 Ops.Cal.Atty.Gen. 8 (1989); 35 Ops.Cal.Atty.Gen. 198 (1960).) This proceeding is therefore properly initiated to test whether Taylor "unlawfully holds or exercises" the office of city council member. (84 Ops.Cal.Atty.Gen. 154, 155 (2001).)
In determining whether to grant a leave to sue, we consider two questions: has a substantial question of fact or law been presented requiring judicial resolution, and if so, would the overall public interest be served by allowing the action in quo warranto to be filed. (83 Ops.Cal.Atty.Gen. 181, 182 (2000); 81 Ops.Cal.Atty.Gen. 98, 100 (1998).)
As previously noted, Calimesa is a general law city whose council members are elected and serve at large. Government Code section36502[1] sets forth the eligibility requirements for becoming and remaining a council member in a city with this form of government. (72 Ops.Cal.Atty.Gen., supra, at pp. 65-66; 35 Ops.Cal.Atty.Gen. 198, supra, at p. 200; 30 Ops.Cal.Atty.Gen. 6, 8 (1957).) Subdivision (a) of section36502 provides:
 A person is not eligible to hold office as council member, city clerk, or city treasurer unless he or she is at the time of assuming the office an elector of the city, and was a registered voter of the city at the time nomination papers are issued to the candidate as provided for in Section 10227 of the Elections Code.
 "If, during his or her term of office, he or she moves his or her place of residence outside of the city limits or ceases to be an elector of the city, his or her office shall immediately become vacant."
An "elector" is "any person who is a United States citizen 18 years of age or older and a resident of an election precinct at least 29 days prior to an election." (Elec. Code, § 321) A "registered voter" is an elector who has complied with the registration requirements set forth in the Elections Code and is therefore allowed to "vote at any election held within the territory within which he or she resides and the election is held." (Elec. Code, § 2000, subd. (a); see Collier v. Mensel (1985) 176 Cal.App.3d 24, 30; Kagan v. Kearney (1978)85 Cal.App.3d 1010, 1014-1015; Cothran v. Town Council (1962)209 Cal.App.2d 647, 661.)
The critical issue to be considered is the current location of Taylor's residence for purposes of section 36502, subdivision (a). Is it in Calimesa or Yucaipa? Section 244 describes the factors to be considered when examining a person's "residence" for various purposes:
 In determining the place of residence the following rules shall be observed:
 (a) It is the place where one remains when not called elsewhere for labor or other special or temporary purpose, and to which he or she returns in seasons of repose.
(b) There can only be one residence.
(c) A residence cannot be lost until another is gained.
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . .
(f) The residence can be changed only by the union of act and intent.
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . .
We have previously observed that "`residence' for purpose of being an `elector' means `domicile.'" (72 Ops.Cal.Atty.Gen., supra, at p. 67; see DeMiglio v. Mashore (1992) 4 Cal.App.4th 1260, 1263, fn. 1.) In such context, it is the place of physical presence coupled with the intention to make that place one's permanent home. (Fenton v. Board of Directors (1984) 156 Cal.App.3d 1107, 1113-1114.) It is the "`fixed home of a party as understood by himself and his neighbors and friends.'" (Burt v. Scarborough (1961) 56 Cal.2d 817, 820.)
While a person may, at any given time, have more than one physical place of abode, he or she may have only one domicile; and a domicile, once established, is presumed to continue until a new one has been acquired. (Walters v. Weed (1988) 45 Cal.3d 1, 7-8.)
Further, the acquisition of a new domicile is generally understood to require an actual change of residence accompanied by the intention to remain either permanently or for an indefinite time in the new locality; the burden of proving such a change rests with the party asserting it. (DeMiglio v. Mashore, supra, 4 Cal.App.4th at p. 1268; 72 Ops.Cal.Atty.Gen., supra, at p. 13.)
In analyzing whether a new domicile has been acquired by a public officer, we have traditionally considered such indicia as the address shown on the person's tax returns, driver's license, automobile registration, homeowner's exemption, telephone listing, and voter registration. (84 Ops.Cal.Atty.Gen., supra, at p. 157; 75 Ops.Cal.Atty.Gen. 287, 289 (1992).)
In the present circumstances, Taylor relies on the fact that a post office box in Calimesa is listed on his driver's license and vehicle registrations. We note, however, that in Mapstead v. Anchundo (1998)63 Cal.App.4th 246, 261-262, the court observed: "A post office box, unlike a residence address, provides no indication as to the actual physical location of a person's residence. A person may move to a new residence . . . but keep the same post office box."
Taylor's conduct indicates that his physical presence is now in Yucaipa. As for his intent to make Yucaipa his home, the most important evidence of his intent is his conduct. (See Chambers v. Hathaway (1921)187 Cal. 104; Estate of Brady (1918) 177 Cal. 537; Estate of Gordon (1904) 142 Cal. 125; Fenton v. Board of Directors, supra, 156 Cal.App.3d at p. 1117.) In Estate of Lagersen (1959) 169 Cal.App.2d 359, 366, the court quoted as follows from a treatise concerning the requirements for establishing a domicile:
 ". . . `"[S]ince actions speak louder than words the conduct of a person is the most important evidence of his intention to acquire a domicile in a place." Where, therefore, the declarations of a party as to his intent are inconsistent with his acts, his conduct is of greater evidential value than his declarations.'"
 Substantial questions of fact and law exist concerning the current "residence" of Taylor for purposes of section 36502. The dates when Taylor moved out of his Fourth Street residence in Calimesa and moved into his Yucaipa residence are in dispute. Taylor's intent as to his current domicile is in dispute. We have generally viewed the existence of a substantial question of fact or law as presenting a sufficient public purpose to warrant the granting of leave to sue in quo warranto. In such cases, leave will be denied only in the presence of other overriding considerations. (82 Ops.Cal.Atty.Gen. 78, 81-82 (1999); 81 Ops.Cal.Atty.Gen. 94, 98 (1998).) No such considerations are present here. Rather, both the public and the city have an interest in a judicial resolution of this matter.
Accordingly, the application for leave to sue in quo warranto is GRANTED.
[1] All references hereafter to the Government Code are by section number only.