BILL LOCKYER Attorney General SUSAN DUNCAN LEE Deputy Attorney General
VOTERS FOR TRUTH IN EDUCATION, INC., a California nonprofit corporation, has requested this office to grant leave to sue in quo warranto upon the following question:
Is Ronald Ottinger unlawfully holding the office of member of the governing board of the San Diego Unified School District due to his failure to continue to reside within the boundaries of the district?
 CONCLUSION
Whether Ronald Ottinger is unlawfully holding the office of member of the governing board of the San Diego Unified School District due to his failure to continue to reside within the boundaries of the district does not present a substantial issue of fact or law requiring judicial resolution.
 ANALYSIS
Voters for Truth in Education, Inc. ("Relator") alleges that Ronald Ottinger ("Defendant") has ceased to maintain his legal residence within the San Diego Unified School District ("District"). Relator therefore requests that we grant leave to sue in quo warranto to have Defendant removed from his office as a member of the governing board of the District.
Relator alleges that Defendant does not reside in the District or in the City of San Diego at all, but in the City of Coronado with his second wife and her children. Further, Defendant's wife is registered to vote in Coronado and her children are enrolled in Coronado schools. While Relator concedes that Defendant maintains an apartment on Fourth Avenue within the District, it alleges that the apartment is too small to house Defendant's family and is not his legal residence. In media interviews, Defendant has made statements to the effect that he divides his time between the two residences and spends more time at the Coronado house than at the Fourth Avenue apartment. A neighboring tenant in the apartment building states that he has seen Defendant on the premises approximately three times over the past two years.
Defendant responds that he has been domiciled in the District continuously since 1985. He was first elected to the District's governing board in 1992, when he lived with his first wife and their children in the Kensington neighborhood. He was re-elected in 1996, and again in 2000. Defendant and his first wife divorced in 1999 and share custody of their three children. In the summer of 2001, Defendant remarried. Defendant's second wife, who has sole custody of the children from her first marriage, lives in Coronado, and her children attend school there. Shortly after their marriage, Defendant and his new wife rented a house in Coronado large enough to accommodate all five of their children. Intending to maintain his domicile in the District, however, Defendant also rented the apartment on Fourth Avenue. When Defendant moved from his Kensington home, he divided his personal belongings between the Fourth Avenue apartment and the Coronado house.
Defendant states that the apartment is fully furnished and that he maintains an insurance policy covering his personal belongings located there. The apartment's utilities, including cable television and Internet services, are billed in Defendant's name to the Fourth Avenue address. He receives mail there; for example, three weekly magazine subscriptions are delivered there. He rents a parking space in a garage near the apartment, and a parking attendant states that he sees Defendant two or three times a week. Defendant's banking and financial accounts are listed in his name at the Fourth Avenue address; his driver's license, vehicle registration, and voter registration list the Fourth Avenue address, as does his wage and tax statements. Although Defendant spends more time at the Coronado house than at the Fourth Avenue apartment, especially on the days when he has custody of his three children, he considers the Coronado rental house his temporary residence and considers his permanent home to be within the District's boundaries.
Section 803 of the Code of Civil Procedure provides that an action in the nature of quo warranto "may be brought by the attorney-general, in the name of the people of this state, upon his own information, or upon the complaint of a private party, against any person who usurps, intrudes into, or unlawfully holds or exercises any public office. . . ." A member of the governing board of a school district holds a "public office" for purposes of a quo warranto action. (73 Ops.Cal.Atty.Gen. 354, 356 (1990); see 84 Ops.Cal.Atty.Gen. 91, 92 (2001).) We employ a two-part test in determining whether to grant leave to sue: first, is there a substantial question of fact or law requiring judicial resolution, and if so, would the overall public interest be served by allowing a quo warranto action to be filed? (85 Ops.Cal.Atty.Gen. 101, 102 (2002); 83 Ops.Cal.Atty.Gen. 181, 182 (2000); 81 Ops.Cal.Atty.Gen. 98, 101 (1998).)
A member of the governing board of a school district must be a resident of the district during the entire term of his or her office. (84 Ops.Cal.Atty.Gen. 154, 155-156 (2001); 81 Ops.Cal.Atty.Gen., supra, at pp. 96-97; see Ed. Code, § 35107) Accordingly, if Defendant is not currently a resident of the District, he would not be qualified to hold office as a member of the governing board. (Gov. Code, § 1770, subd. (c); Ed. Code, § 5090)[1] "Residence" for this purpose means "domicile" as defined in Government Code section244. (81 Ops.Cal.Atty.Gen. 94, supra, at p. 97.) Government Code section 244 provides:
 "In determining the place of residence the following rules shall be observed:
 "(a) It is the place where one remains when not called elsewhere for labor or other special or temporary purpose, and to which he or she returns in seasons of repose.
"(b) There can only be one residence.
"(c) A residence cannot be lost until another one is gained.
". . . . . . . . . . . . . . . . . . . . . . . . . .
"(f) The residence can be changed only by the union of act and intent.
 "(g) A married person shall have the right to retain his or her legal residence in the State of California notwithstanding the legal residence or domicile of his or her spouse."
Accordingly, "domicile" is a place of physical presence coupled with the intention to make that place one's permanent home. (Fenton v. Board of Directors (1984) 156 Cal.App.3d 1107, 1113-1114; 86 Ops.Cal.Atty.Gen., supra, at p. 83; 79 Ops.Cal.Atty.Gen., supra, at pp. 25-26.) At any given time, a person has only one domicile. (DeMiglio v. Mashore (1992)4 Cal.App.4th 1260, 1268.) Domicile, once established, is presumed to continue until it is shown that a new domicile has been acquired. (Walters v. Weed (1988) 45 Cal.3d 1, 7-8; Murphy v. Travelers Ins. Co. (1949) 92 Cal.App.2d 582, 587.) Accomplishing a change of domicile requires both a physical presence in the new locality plus the intent to make the place one's new home. (DeMiglio v. Mashore, supra, 4 Cal.App.4th at p. 1268.)
There is no dispute that Defendant was domiciled in the District at the time he was elected to his current term of office. The only issue presented by Relator's application is whether Defendant has since established a new domicile outside the District.
In analyzing whether a new residence constitutes a new domicile, we have traditionally considered such indicia as the address shown on the person's voter registration, driver's license, vehicle registration, and other official papers such as tax records. (85 Ops.Cal.Atty.Gen., supra, at p. 104; 84 Ops.Cal.Atty.Gen. supra, at p. 157; 75 Ops.Cal.Atty.Gen. 8, 13 (1989).) Further, since a change of domicile requires an intention to make the new place a permanent home, we must take into consideration the declaration of the party involved as to his or her intent. (See Chambers v. Hathaway (1921) 187 Cal. 104, 105; In re Marriage of Thornton (1982) 135 Cal.App.3d 500, 509; Fenton v. Board of Directors, supra, 156 Cal.App.3d at p. 1117.)
Relator's primary contention is that Defendant has abandoned his domicile in the District by moving to a house in the City of Coronado with his wife and their children. Implied in Relator's argument is a presumption that a person may not maintain a domicile separate from the residence shared with his or her spouse and children. But the law provides otherwise. (Gov. Code, § 244, subd. (f); see Elec. Code, §§ 2027-2029)
For his part, Defendant declares that he has made his permanent residence and domicile in the District since 1985 and that he has never formed an intention to make the Coronado rental house his permanent home. Defendant's stated intent is corroborated by his conduct: his apartment within the District is fully furnished; he obtains mail and various utilities and services there; he is registered to vote there; his driver's license and vehicle registration are listed there; his income tax records, banking records, and accounts for utilities and services pertaining to the apartment are all listed in his name there; and he is regularly seen there. Under these circumstances, the evidence does not support Relator's contention that Defendant has changed his domicile to the City of Coronado.
We conclude that whether Defendant is unlawfully holding the office of member of the governing board of the District due to his failure to continue to reside within the District does not present a substantial question of fact or law requiring judicial resolution. The application for leave to sue in quo warranto is therefore DENIED.
*****
[1] The Fourth Avenue apartment is located within the particular area of the District that Defendant represents, as was his Kensington home.