TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

XAVIER BECERRA
Attorney General

_____

| | : | |
|---|---|---|
| OPINION | : | No. 17-1201 |
| | : | |
| of | : | August 23, 2018 |
| | : | |
| XAVIER BECERRA | : | |
| Attorney General | : | |
| | : | |
| LAWRENCE M. DANIELS | : | |
| Deputy Attorney General | : | |
| | : | |

_____

Proposed relator KLAMATH-TRINITY JOINT UNIFIED SCHOOL DISTRICT has requested leave to sue proposed defendant PATRICIA KELLEY to remove her from the public office of trustee of the Board of Trustees of the Klamath-Trinity Joint Unified School District on the ground that she did not legally reside in the trustee area that she represents at the time of her election and during her term.

CONCLUSION

Leave to sue is GRANTED to determine whether proposed defendant PATRICIA KELLEY meets the legal residency requirements for holding the public office of school district trustee.

1

ANALYSIS

### Introduction

The Klamath-Trinity Joint Unified School District (District) is a public school district in Humboldt County. The District is organized into seven trustee areas, each represented by an elected board trustee. On November 7, 2017, Patricia Kelley (Kelley) was elected as trustee of Area Six, which serves the area of Weitchpec. Kelley was sworn in as trustee on January 9, 2018.

Under state law, a school district trustee must reside in the trustee area he or she represents. Here, the District seeks leave to sue Kelley in quo warranto to remove her from office based on the District's allegation that, both at the time of the election and since then, Kelley has resided in Area Two, which serves the area of Willow Creek, rather than in Area Six, which she represents. After reviewing the parties' submissions, we find that the District has raised substantial questions of fact and law concerning whether Kelley resided and resides in Area Six and that it would be in the public interest to allow the District to pursue its claim in court. Accordingly, we grant the District leave to sue.

### Factual Background

The central facts regarding Kelley's residence *at the time of her election* are undisputed. Kelley and her husband own a house in Weitchpec, located in Area Six. Area Six includes the Weitchpec Yurok Magnet/Elementary School, which enrolls 11 students from transitional kindergarten through third grade. Kelley also rents a property in Willow Creek, located in Area Two. She and her husband have custody of a granddaughter, who is in the first grade at the Trinity Valley Elementary School in Willow Creek. Trinity Valley serves about 210 students from transitional kindergarten through eighth grade and is about an hour's drive away from Weitchpec.

Kelley states that she moved to Willow Creek from her and her husband's house in Weitchpec about 12 years ago. After that, she "lived most of the time" at the rental in Willow Creek because it "was much closer to [her] job and [their] children's sports, school (no Jr. High or High School in the Weitchpec area), and jobs." She says, "I did not live in Weitchpec at the time I applied to run for the School Board." She and her husband "are raising two young grandchildren," aged 21 months and seven years, and they "have four grandchildren attending schools in the district, and several planning to as they reach school age." She explains that "the rental near Willow [C]reek was very convenient and necessary." At the same time, she continued to keep up the Weitchpec home and remained "very connected to the Weitchpec community."

2

Kelley alleges that before the election, someone from the county office of elections told her that she was eligible to run for the seat in Area Six as long as she was registered to vote there.[1]  After a manager there later informed her that the superintendent of the District believed she was ineligible to run because she did not *live* in Area Six, she told the manager that "if policy stated [she] had to live in Weitchpec, [she] could move in a weekend, as [she and her husband] have a home there."  Documentation submitted by the District corroborates that Kelley primarily lived at the Willow Creek address from at least 2005 to the time of the election.

On the other hand, the facts regarding Kelley's *current* residence are controverted. After the election on November 7, 2017, the Secretary of State's office initiated an investigation of Kelley's residence.[2]  In connection with this investigation, Kelley signed an affidavit on December 6, 2017, stating that she has "just moved back to Weitchpec." She alleges that now, "[m]ore home time is spent in Weitchpec," that her "husband spends most of his time there," and that they plan to make improvements to the property and retire there.

The District, however, points out that Kelley still maintains her Willow Creek residence and that her granddaughter continues to attend Trinity Valley Elementary School. Further, the District has received no notification that her granddaughter resides at a new address.  Although Kelley has asked to receive her mail regarding board matters at the Weitchpec address since being sworn in, she continues to receive mail from Trinity Valley Elementary School at the Willow Creek address.  The District contends that Kelley continues to reside in Willow Creek and disputes that Kelley has moved back to Weitchpec.

**Applicable Law**

Code of Civil Procedure section 803 provides:  "An action may be brought by the attorney-general, in the name of the people of this state, upon his own information, or upon a complaint of a private party, against any person who usurps, intrudes into, or unlawfully holds or exercises any public office . . . within this state."[3]  The state possesses this remedy,

---

[1] Neither party has provided evidence of whether and where Kelley was registered to vote.

[2] We are informed that the matter was subsequently referred to the Humboldt County District Attorney.  (See generally Gov. Code, § 12172.5, subd. (b) ["If, at any time, the Secretary of State concludes that state election laws are not being enforced, the Secretary of State shall call the violation to the attention of the district attorney of the county or to the Attorney General"].)

[3] Code Civ. Proc., § 803; see *Rando v. Harris* (2014) 228 Cal.App.4th 868, 873; 97

known as quo warranto, to protect the people's interests.[4]  In determining whether to grant an application for leave to sue in quo warranto, we do not resolve the matter on the merits, but instead decide whether the application presents a substantial issue of fact or law appropriate for judicial resolution and whether the application would serve the overall public interest.[5]  For quo warranto purposes, a school district trustee holds a "public office."[6]

A person may not serve as a board trustee of the District unless the person resides in the trustee area the person represents both when elected and throughout his or her term of office.[7]  A person's "residence" for this purpose means his or her "legal residence" or "domicile."[8]  A domicile or legal residence is a place of physical presence joined with the intent to make that place a permanent home.[9]  Although a person may reside in multiple locations, a person may have only one domicile at a time.[10]  In determining which of two residences is a person's domicile, we look at a combination of the person's intent and conduct, although the critical element is intent.[11]  Considerations in determining domicile include the person's acts and declarations, mailing addresses on official documentation, homeowner's exemption, driver's license, voter registration, business and personal

---

Ops.Cal.Atty.Gen. 12, 14 (2014).

[4] *Citizens Utilities Co. v. Super. Ct.* (1976) 56 Cal.App.3d 399, 406; *City of Campbell v. Mosk* (1961) 197 Cal.App.2d 640, 648.

[5] 93 Ops.Cal.Atty.Gen. 144, 145 (2010); 89 Ops.Cal.Atty.Gen. 55, 56 (2006).

[6] 97 Ops.Cal.Atty.Gen. 1, 2 (2014); 86 Ops.Cal.Atty.Gen. 194, 195 (2003); 73 Ops.Cal.Atty.Gen. 354, 356 (1990).

[7] Ed. Code, § 5030, subd. (b); Gov. Code, § 1770, subd. (e); Klamath-Trinity Joint Unified School Dist. Bd. Bylaw 9220; see 97 Ops.Cal.Atty.Gen., *supra*, at p. 1; 86 Ops.Cal.Atty.Gen., *supra*, at pp. 195-196; 84 Ops.Cal.Atty.Gen. 154, 155-156 (2001); 58 Ops.Cal.Atty.Gen. 888, 891-892 (1975).

[8] *Walters v. Weed* (1988) 45 Cal.3d 1, 7-8; *Fenton v. Bd. of Directors* (1984) 156 Cal.App.3d 1107, 1113-1114; 84 Ops.Cal.Atty.Gen., *supra*, at pp. 155-156; see Gov. Code, §§ 243, 244.

[9] *Fenton v. Bd. of Directors, supra,* 156 Cal.App.3d at p. 1116; 97 Ops.Cal.Atty.Gen., *supra*, at p. 4; see Gov. Code, § 244, subd. (a) (a person's residence "is the place where one remains when not called elsewhere for labor or other special or temporary purpose, and to which he or she returns in seasons of repose").

[10] *Smith v. Smith* (1955) 45 Cal.2d 235, 239; 99 Ops.Cal.Atty.Gen. 74, 76 (2016).

[11] 87 Ops.Cal.Atty.Gen. 30, 33 (2004).

contacts, and children's living arrangements or school location.[12]  There is a presumption that once a domicile is established, it continues until it is demonstrated that a new domicile has been acquired.[13]

**Substantial Questions Are Presented in the Quo Warranto Application**

We first determine if there is a substantial question whether Kelley's legal residence was outside of Area Six at the time of her election.  She is ineligible to serve as trustee if she did not legally reside there at the time of her election, even if she later changed her legal residence to Area Six after the election.[14]

The parties agree that at the time of the election, Kelley had two residences:  the house that she and her husband own in Weitchpec in her trustee area (Area Six), and her rental in Willow Creek where her granddaughter, who is under Kelley's legal guardianship, attends elementary school (Area Two).  Kelley admits that, when the election was held, she "lived" in Willow Creek.  She states that she "moved" to the Willow Creek address about 12 years ago and that since then, she "spent most of the time" there because it was more convenient to take care of her children and was closer to their sports activities.  And she states that when the issue of legal residency was brought to her attention before the election, she told the election board manager that she could "move" to Weitchpec if necessary.  Although not necessarily determinative, Kelley's statements suggest that at the time of her election, she considered the Willow Creek residence to be her permanent home.

Kelley's use of the Willow Creek address as her mailing address on documents relating to her employment, guardianship, and granddaughter's education also indicates that she physically resided there at the time of her November 2017 election. Kelley worked for the District from 1987 to June 2017.  Originally, in 1987, Kelley identified her address as the Weitchpec address on her employment eligibility verification form.  Years later, however, a 2001 District correspondence to Kelley at the Weitchpec address was returned as unclaimed.  Then, in both her 2005 application for a new position within the District and her April 2017 letter of resignation, Kelley listed her address as the Willow Creek address. From the 2010-2011 school year through the 2016-2017 school year, the District used the Willow Creek address for Kelley in its notices of assignment.  Kelley identified this same

---

[12] See 99 Ops.Cal.Atty.Gen., *supra*, at pp. 76-77; 95 Ops.Cal.Atty.Gen. 43, 46 (2012); 86 Ops.Cal.Atty.Gen., *supra*, at pp. 194-195; 86 Ops.Cal.Atty.Gen. 82, (2003); 81 Ops.Cal.Atty.Gen. 98, 99, 101-102 (1998).

[13] 90 Ops.Cal.Atty.Gen. 82, 86 (2007).

[14] See 86 Ops.Cal.Atty.Gen., *supra*, at p. 83; 73 Ops.Cal.Atty.Gen. 197, 207 (1990); 13 Ops.Cal.Atty.Gen. 127, 128 (1949).

Willow Creek address in her letter of temporary guardianship of her granddaughter in 2015 and on her granddaughter's student registration forms in 2015 and 2017.[15]  And on October 30, 2017, only one week before the election, the District sent correspondence to Kelley at her Willow Creek address regarding her granddaughter's attendance.  Along with Kelley's statements, these documents raise a substantial question about whether Kelley's domicile was in Willow Creek—outside of Area Six, her trustee area—at the time of the election.

Moreover, there is a viable dispute over where Kelly *currently* domiciles.  She asserts that at some unspecified date after the election, she moved back to her house in Weitchpec within Area Six.[16]  She has also asked to receive her mail involving board business at the Weitchpec address.  However, Kelley acknowledges that she still keeps the Willow Creek residence as one of her "two homes," and she fails to set forth when she stays at the Weitchpec address.  Nor does she dispute that a granddaughter in her custody still attends Trinity Valley Elementary School, or that she has failed to notify the school of a change of address to Weitchpec.  The school is in Willow Creek, an hour's drive from Weitchpec on a road that is frequently closed.[17]  In fact, according to the superintendent,

---

[15] We have not been provided with a school registration form for the year 2016.

[16] Kelley offers documentary evidence of this move, including alleged applications for a senior identification card and a driver's license in December 2017, both using the Weitchpec address.  The District responds that the former is marked "not a verified identification" and that the latter actually appears to be an automobile registration form.  The District argues that, in any event, Kelley has never provided evidence of government identification that she used prior to the election.

Kelley provides a copy of a receipt dated December 5, 2017, of her husband's purchase of propane from a store in Weitchpec.  The District counters that this "does not evidence Defendant's physical residency" at the Weitchpec address either currently or at the time of her November 2017 election.

Kelley also submits a copy of a claim for a homeowner's property tax exemption for the Weitchpec property, dated November 28, 2017.  The claim reflects her and her husband's signatures certifying themselves as owner-occupants, and the District has not disputed that she is an owner.  The District nonetheless asserts it is unproven that the claim is hers, pointing out that it indicates "HART LANI A & RICHARD N UM," not Kelley's name, under the query "Name and Mailing Address."

A court sitting in quo warranto may, if necessary, resolve these and any other factual issues.

[17] The District alleges that Kelley is the guardian of another grandchild who attends a high school that is an hour's drive closer from Willow Creek than from Weitchpec.  However, according to Kelley, that grandchild has been living with her aunt and uncle in

6

the District ordinarily does not permit students living in Weitchpec to attend Trinity Valley for attendance reasons.[18]  This undermines Kelley's claim that she has moved back to Weitchpec since her election.[19]  The District thus presents an additional substantial question of fact or law—whether Kelley *currently* resides in Area Six.

### Granting the Application to Sue Would Serve the Public Interest

Absent countervailing circumstances, we view the need to judicially resolve a substantial question of fact or law to be a sufficient public purpose to warrant granting leave to sue in quo warranto.[20]  We see no countervailing circumstances here.  Accordingly, the District's application for leave to sue in quo warranto is GRANTED to determine whether Kelley satisfies the legal residency requirements for holding the public office of school district trustee for Area Six of the Klamath-Trinity Joint Unified School District.[21]

*****

---

Willow Creek since August 2017.

[18] See Ed. Code, § 35160.5, subd. (b) (setting forth rules for district policies regarding open enrollment of schools within a district); Relator's Dec. of Jon Ray in Support of Sur-Reply, Exh. 1 (the District's annual notice to parents states, "There is one process for choosing a school within the district which the parent lives (intradistrict transfer)").  Kelley has not requested an intradistrict transfer for her granddaughter, although she claims that she believed it unnecessary because she continues to maintain the Willow Creek residence.

[19] See 90 Ops.Cal.Atty.Gen., *supra*, at p. 86 (a defendant who "asserts eligibility for office on the basis of acquiring a new domicile within the jurisdiction in question . . . has the burden of demonstrating such a change in domicile").

[20] 98 Ops.Cal.Atty.Gen. 94, 101 (2015); 97 Ops.Cal.Atty.Gen. 50, 56 (2014).

[21] The District requests that the Attorney General prosecute the quo warranto action against Kelley due to its limited financial resources.  We decline that request as the matter is a purely local one that the District appears best suited to litigate, under our supervision. (See Cal. Code Regs., tit. 11, §§ 6-9.)